The only issue in this case is whether the Alabama State Tenure Commission has jurisdiction to hear the appeal of a nontenured teacher whose teaching contract has been cancelled by the employer school board. We find that the Commission does not have such jurisdiction.
The appellee here, J. Hubert Ray, became a certificated teacher in the Alabama Institute for Deaf and Blind at Talladega, Alabama in 1974. On July 15, 1975 Mr. Ray's teaching contract at the deaf and blind school was cancelled by the school's board of trustees. Ray appealed the cancellation of his teaching contract to the State Tenure Commission. After a hearing, that body decreed that it did not have jurisdiction of the action for the reason that Ray was not a tenured teacher in the deaf and blind school.
Ray then filed a petition in the Circuit Court of Talladega County, pursuant to the provisions of Title 52, Section 361, Code of Alabama 1940 (Recomp. 1958), seeking the issuance of a writ of mandamus to have reviewed the Commission's order. Section 361, as amended, provides:
 "The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said county school system is located."
After a hearing the trial court held that the Commission erred in refusing to review the cancellation of Ray's teaching contract solely on the ground that he did not enjoy continuing service status and ordered the Commission, upon review of the matter, to reinstate Ray as a teacher at the Alabama Institute for Deaf and Blind. The Commission appeals from that order.
The Teacher Tenure Law is found in Title 52, Chapter 13, Code of Alabama 1940 (Recomp. 1958). The act taken as a whole evidences a clear legislative intent that its provisions apply solely to teachers who have attained continuing service status as defined by Section 352. Only two sections, Section 361 (1) and Section 361 (2), by specific language include all teachers, "whether in continuing service status or not." Thus we think it clear that where the legislature intended to include nontenured teachers within the act, it specifically stated that intent.
The Teacher Tenure Law provides for review of school board action taken against a tenured teacher in two instances. Section 355 permits the transfer of a teacher on continuingservice status under certain conditions; Section 357 authorizes a procedure for review of the transfer action, available only to teachers with continuing service status.
Section 358 provides that the employment contract of a teacher on continuing service status may be cancelled by the employing board of education for causes as enumerated. Section 359 sets forth the procedure to be followed when the contract of a teacher on continuing service status is to be cancelled. Section 360 provides a review procedure of the cancellation of a teacher's contract. Reading Section 360 in pari materia with Sections 358 and 359, it can refer only to a teacher on continuing service status.
Not only is the language of the act itself unambiguous in restricting use of the two above review procedures only to tenured teachers, the act has been so construed by our courts. As a further recognition of the purposes of these two sections of Title 52, the supreme court in State Tenure Commission *Page 23 v. Madison County Board of Education, 282 Ala. 658,213 So.2d 823 (1968) said:
 "This appellate aspect of the tenure teacher law, that is, the State Tenure Commission, to which a review may be had of decisions of local school boards, is a covenant made by the people of Alabama with tenure school teachers, as expressed by legislative enactment — Chapter 13 and Chapter 13A, Title 52, Code of Alabama 1940. Thus, there now exists a `tenure' law and an independent appellate forum. The legislature, no doubt, felt it was necessary to have an appellate forum for tenure teachers, so that they could be removed from the heat and the aggressiveness and pressures sometimes generated in intra-community or intra-county politics.
. . . . .
 ". . . It is clear that the State Tenure Commission, as it now exists, expresses the intent of the legislature to protect the right of tenure teachers, and to preserve to them a certain degree of academic freedom, and freedom from harassment that is sometimes caused by intra-community political conflict;. . . ."
The supreme court, in the recent case of Foster v. BlountCounty Board of Education, 340 So.2d 751 (Ala.Sup.Ct., 1976), said:
 "The Alabama Legislature, by enacting the Teacher Tenure Law, has created two classes of teachers in the public schools of this state, those which have a continuing service status (tenured teachers) and those which do not have (probationary or nontenured teachers). The employing boards of education may not summarily terminate a tenured teacher, but may summarily terminate a probationary or nontenured teacher. Title 52, § 351, et seq. See also State v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689 (1949)."
We conclude the procedures outlined in Chapter 13 of Title 52, Code of Alabama 1940 convey a clear legislative intent to protect a teacher who has served enough time in the school system to acquire continuing service status against transfers and contract cancellations that may be tainted by personal or political reasons and thereby preserve the integrity and freedom of the educational process.
To assure that a tenured teacher would receive the full measured protection provided by these statutory procedures, the legislature created the State Tenure Commission. Section 361 (8), Code of Alabama 1940 (Supp. 1973) provides:
 "It shall be the duty of the state tenure commission to hear and determine appeal cases as provided in section 360 of Title 52, Code of Alabama 1940, as amended, and the decisions of the state tenure commission shall be final to the extent provided by section 361 of Title 52, Code of Alabama 1940."
Section 361 (9), Code of Alabama 1940 (Supp. 1973) provides in pertinent part:
 "A teacher who has attained continuing service status and has been denied a hearing before the local board of education as required by Title 52, sections 356 or 359, Code of Alabama 1940, as amended, shall have the right to appeal directly to the state tenure commission for relief." (Emphasis added.)
Nowhere in these statutes is it suggested that the Commission is open to the settlement of grievances by a nontenured teacher. Consequently it is our studied opinion that only tenured teachers have access to the State Tenure Commission for the settlement of contract cancellations.
The Commission being without jurisdiction to entertain an appeal by a nontenured teacher, the trial court was in error in ordering the Commission to accept the appeal of Ray from the action of the Alabama Institute for Deaf and Blind. The trial court's judgment is reversed and the cause is remanded to it for the entry of an order affirming the decision of the Tenure Commission that it was without jurisdiction to hear Ray's appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 24