ON REHEARING
BRADLEY, Judge.
This court’s original opinion dated September 9,1981 is withdrawn and the following is substituted therefor:
This is an appeal from the denial of a writ of mandamus by the Circuit Court of Pike County, Alabama.
Joseph Boyd was notified on May 16,1980 that the Pike County Board of Education was transferring him to an infield teaching position. Boyd made a written request for a hearing, but his request was denied. Boyd then filed an appeal with the Alabama State Tenure Commission. The Commission found that Boyd had not attained continuing service status under Alabama’s *439 tenure laws. Subsequently, Boyd appealed to the Pike County Circuit Court. The circuit court affirmed the Commission’s findings, and as a result Boyd appealed to this court.
The dispositive issue here is whether Joseph Boyd is entitled to a hearing before the Board of Education on the question of whether he has attained tenure as a teacher within the meaning of the Alabama Teacher Tenure Act. We hold that he is not entitled to such a hearing.
In Smith v. Birmingham Board of Education, 403 So.2d 226 (Ala.1981) the supreme court held that an advisor who had not attained continuing service status as a supervisor could be returned to an instructor position without being accorded a hearing by the Board of Education.
In the ease at bar the Board of Education determined that Boyd was not tenured and thus not entitled to a hearing on this question. Boyd then appealed the Board’s decision to the State Tenure Commission and that agency held that Boyd was not a tenured teacher and therefore was not entitled to the protection of the Alabama Teacher Tenure laws. However the Tenure Commission is authorized the hear appeals by tenured teachers only. Alabama State Tenure Commission v. Ray, 342 So.2d 21 (Ala.Civ.App.1977).
In the absence of authority to hear appeals from non-tenured teachers, the Tenure Commission could not entertain the appeal of Boyd and decide that he was a non-tenured teacher. Consequently, the trial court’s denial of the mandamus to require the Commission to set aside its order is erroneous and must be reversed. The Tenure Commission was acting without its jurisdiction when it affirmed the Board’s decision that Boyd was a non-tenured teacher and thus not entitled to a hearing.
The judgment of the trial court is reversed and the cause is remanded to that court for it to order the Tenure Commission to dismiss Boyd’s appeal for lack of jurisdiction.
Should Boyd wish to litigate the Board’s decision that he does not have tenure, he may seek the appropriate relief in the Circuit Court of Pike County such as was done in Smith v. Birmingham Board of Education, supra.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.