This is a teacher tenure case in which the trial court dismissed an action brought by Clayton Berry against the Pike County Board of Education and its members.
Berry's complaint alleged that he was hired for the 1978-79 school year as an instructor of math and language arts for the Pike County school system. He taught during the 1979-80 term and for six weeks of the following school year, at which time he was assigned to the position of coordinator/counselor. He continued in that capacity until May 21, 1982, when he was informed, by letter from the board, that his contract would not be renewed for the coming year.
Berry claimed that his contract was terminated because of his unsuccessful bid to unseat defendant John Key as superintendent of the school system's board of education. He prayed for a declaratory judgment to determine whether he had attained continuing service status by operation of the Alabama Teacher Tenure Law and for an order reinstating him with back pay.
The trial court dismissed Berry's action on the defendants' motion. It ruled that the remedy of a tenured teacher who is terminated by an employing board is provided by the Teacher Tenure Act. The court noted that the action was not a mandamus action to review a decision of the Alabama State Tenure Commission. It ruled that the action was not permissible, absent an allegation that Berry had requested a hearing before the Tenure Commission before filing suit.
Clearly, if Berry's allegations that he was tenured and that he was dismissed for political reasons were true, the board acted contrary to law in attempting to terminate his employment. A tenured teacher's employment cannot be terminated for political or personal reasons. Section 16-24-8, Code of Alabama 1975. The primary issue here is whether Berry can enforce his rights by filing an action in circuit court without first appealing to the State Tenure Commission. See § 16-24-37, Code of Alabama 1975.
Berry relied primarily on Boyd v. Alabama State TenureCommission, 406 So.2d 438 (Ala.Civ.App. 1981). In that case, the *Page 317 
employing board and the Tenure Commission ruled that Boyd was not tenured. The circuit court affirmed. On appeal, the Court of Civil Appeals ruled that Boyd was not entitled to an administrative hearing on the question of whether he was tenured, because the Tenure Commission is only authorized to hear appeals by tenured teachers. In the instant case, Berry followed the Court of Civil Appeals' suggestion to Mr. Boyd to litigate the existence, vel non, of his tenure by filing an original action in circuit court. Boyd, supra at 439.
The board of education interpreted Boyd differently than did the plaintiff. It argued that, Boyd being a non-tenured teacher, his action in circuit court would be proper since he had no administrative remedy. Since Berry is claiming to be tenured, the board continued, his failure to exhaust the administrative remedies available to tenured teachers was fatal to his action.
We disagree with the board and find Boyd to be controlling. The defendants' argument that Boyd applies only to non-tenured teachers was based on the faulty premise that Mr. Boyd was not tenured. In fact, the case never reached the question of whether Boyd was tenured. Since the tenure commission lacked jurisdiction, its decision that Boyd was not tenured was void and without effect. A court without jurisdiction cannot render a valid decision. Nigg v. Smith, 415 So.2d 1082 (Ala. 1982).
The exhaustion of administrative remedies doctrine requires that where an administrative remedy is provided, the administrative remedy must be exhausted before a court will act. 2 Am.Jur.2d Administrative Law § 595 at p. 426 (1962). Without commenting on the applicability of the doctrine in teacher tenure cases in general, we note that the applicability of the doctrine is premised on the existence of an administrative remedy. No administrative remedy exists for a teacher who claims to be tenured, but who is treated by the employing board as not tenured. The Tenure Commission lacks jurisdiction over non-tenured teachers. Alabama State TenureCommission v. Ray, 342 So.2d 21 (Ala.Civ.App. 1977). Since the Commission lacks jurisdiction to render a decision that a teacher is not tenured, it lacks the authority to determine the issue of the existence, vel non, of tenure.
Much of the confusion with regard to tenure has been engendered by a provision allowing tenured instructors to become tenured as supervisors or principals after promotion to a supervisory position and the requisite period of service. Section 16-24-2 (b), Code of Alabama 1975. A teacher who is tenured as an instructor is entitled to a hearing when given notice of a transfer or of termination, even though he or she may not have attained tenure as a supervisor or a principal. Therefore, an administrative remedy exists for the tenured teacher to determine whether he or she is tenured as an instructor, a supervisor, or a principal. Ex parte AlabamaState Tenure Commission, 430 So.2d 880, 883 (Ala. 1983).
In cases where the teacher's status as a tenured teacher, without regard to whether he or she is tenured as an instructor or otherwise, is questioned, no such procedure exists. Since the existence, vel non, of tenure must be established before the Tenure Commission can exercise jurisdiction, we agree with the Court of Civil Appeals that the proper place to litigate that issue is in the circuit court. Boyd, supra. Berry's action, therefore, was properly brought in the circuit court.
The board also argued that the allegations of the complaint were, even if taken as correct, insufficient to establish that he was tenured. A teacher who serves under contract as a teacher in the same public school system for three years and is reemployed in the same system for the succeeding year attains tenure. Section 16-24-2 (a), Code of Alabama 1975. Berry worked two years and six weeks as an instructor, and then was appointed to the position of coordinator/counselor. Although he was employed for an aggregate period of four years, he held neither of the two positions for the requisite period. *Page 318 
The board's argument that the two periods cannot be counted together to determine whether Berry attained tenure ignores the fact that the term "teacher" includes instructors, principals, and supervisors. Section 16-24-1, Code of Alabama 1975. Berry needed only to allege that he was a teacher in the broad sense in which "teacher" is defined by the Teacher Tenure Act to be entitled to a hearing upon notice of termination. Since one needs only to serve as a teacher for the requisite period to attain tenure, the construction urged by the board is contrary to the express terms of the Act, which should be construed in favor of the teachers who are the Act's primary beneficiaries.State Tenure Commission v. Madison County Board of Education,282 Ala. 658, 213 So.2d 823 (1968).
In order for Berry to have attained tenure, his position as "coordinator/counselor" must have been one which was eligible for tenure. Since this case reached us on a motion to dismiss, there was no evidence as to the nature of his duties. Any consideration of that issue would be premature at this juncture.
The order of the court below is hereby reversed, and the case is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.