HOLMES, Judge.
This is a teacher tenure case.
Dr. Rolland Oden filed in the circuit court an action against the Alabama State Tenure Commission, seeking that a writ of mandamus issue to the Tenure Commission requiring it to set aside the determination that Dr. Oden had no tenure rights under Alabama law. After oral arguments and a review of the transcripts taken at a Morgan County Board of Education hearing, the trial court denied the writ.
Dr. Oden, through able counsel, appeals, contending in the main that he was tenured under the Alabama Teacher Tenure Law and that the trial court erred in denying his petition for a writ of mandamus. We do not agree and affirm.
The record indicates that Dr. Oden was employed for a number of years as an instructor by the Morgan County Board of Education. He taught for a sufficient length of time at a school in Morgan County to achieve continuing service status or tenure as an instructor.
Dr. Oden was later promoted to the position of principal and served in that capacity for a sufficient length of time to be tenured as a principal.
In October of 1979, the position of Director of Transportation for the county *661 school system became vacant. A notice was circulated, seeking applications and detailing the required qualifications for the position. The qualifications included the following: (1) Special training and a thorough knowledge of pupil transportation operations, (2) courses in guidance, psychology, safety, traffic management, and accounting preferred, but not required, (3) a minimum of three years in education or related work; a combination is preferred, (4) high level management experience in the field of transportation desired, (5) a thorough knowledge of automotive maintenance. A teaching certificate or any specific minimum educational level was not a requisite qualification.
Nine applications were submitted to the Board, including Dr. Oden’s. After a meeting of the Board, Dr. Oden was selected and employed as Director of Transportation, effective January 3, 1980.
On January 2, 1980, Dr. Oden submitted a letter to the Board, which asked them to accept his “resignation as principal at Union Hill School.”
Dr. Oden served as Transportation Director from January 3, 1980, until July 15, 1982, when he was informed that a motion for his re-employment had failed to carry by a majority vote at an earlier Board meeting.
Dr. Oden requested a “tenure hearing” by the Board, contending that he had continuing service status as a teacher and as a supervisor. The Board declined to conduct the hearing, and a direct appeal was made to the Alabama State Tenure Commission.
The Commission dismissed Dr. Oden’s appeal for lack of jurisdiction, concluding that he was not a tenured “supervisor” under the tenure laws of Alabama.
An action was then filed against the Board, in which Dr. Oden claimed tenure and demanded reinstatement as Director of Transportation. Later, the action was amended to include the Commission as a defendant, and Dr. Oden sought a writ of mandamus to set aside the dismissal of his appeal.
The trial court issued an order that returned Dr. Oden’s claim to the Board for a hearing on his tenure rights.
A hearing was held by the Board, which concluded that, because of Dr. Oden’s resignation as principal, he was no longer in a tenured position.
Dr. Oden again appealed to the Alabama State Tenure Commission, which found that he was not tenured as a “supervisor” and that the position of “Director of Transportation” was not a tenured position.
Subsequently, Dr. Oden brought suit against the Commission, seeking a writ of mandamus to force the Commission to set aside its determination of his lack of tenure. As indicated, the trial court heard oral arguments and considered the transcripts from the hearing held by the Board. The court determined that the decision of the Commission was “just and accorded to the Tenure Act” and denied the petition for the writ of mandamus.
From this decision, Dr. Oden appeals. We make no comment on the procedural aspects of this case, as no issue is appropriately made regarding this subject. We further make no comment regarding the effect or application of Berry v. Pike County Board of Education, 448 So.2d 315 (Ala.1984), as no issue in this regard has been properly presented. We particularly do not address the applicability of Berry in view of the unusual procedural journey of this case. Put another way, we address ourselves to the merits of this appeal as presented in brief.
Dr. Oden first contends that the position of Director of Transportation is a “supervisor” position, and thus he had obtained continuing service status under Alabama tenure laws as a “principal or supervisor.”
Section 16-24-1, Ala.Code (1975), defines the term “teacher” and states in part:
“The term ‘teacher,’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors *662 in the public elementary and high schools of the State of Alabama....”
The criteria for continuing service status or tenure for principals and supervisors is set out in § 16-24-2(b), Ala.Code (1975), and states: “(b) An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor.”
The threshold issue involves the interpretation of the term “supervisor” as stated in the Code. We note that very little case law has been generated in Alabama in this area.
The definition of “supervisor” was not set out in the Code, and no definition of that term has been found by this court. However, three cases in Alabama have addressed the interpretation of “supervisor” and give us guidance in the case at hand.
In Alabama State Tenure Commission v. Green, 409 So.2d 850 (Ala.Civ.App.1981), this court stated that the position of Coordinator of Guidance and Counseling was supervisory in nature and was protected by the Alabama Teacher Tenure Law. The “coordinator” in that case had duties that included active participation with both students and teachers. He counseled students regularly and conducted teacher training sessions. The court stated that these activities bring the position within the ambit of “supervisor.”
In Smith v. Birmingham Board of Education, 403 So.2d 226 (Ala.1981), the tenured teacher was promoted to “Boys’ Ad-visor” and was subsequently nonrenewed because he lacked tenure in that capacity. The supreme court held that the position of “advisor” is supervisory in nature and is protected by the tenure laws.
The job requirements for “advisors” in Smith included counseling individual students, certifying students for graduation, resolving all student discipline problems, and administering the extracurricular program of the school. We also note that the “advisor” position required an “Alabama Superintendent’s Principal Certificate” and at least three years’ successful experience as a senior high school teacher.
Also, in Alabama State Tenure Commission v. Singleton, 475 So.2d 185 (Ala.Civ.App.1984), this court stated that a position which involved “little if any” participation with students or teachers was not supervisory in nature and did not fall within the Alabama Teacher Tenure Law.
As can be seen, the holdings in Green, Smith, and Singleton focus on a common factor in determining whether a position is regarded as “supervisor” under. Alabama tenure statutes. That common factor is active participation with students and instructors.
In the case at hand, there was testimony from Dr. Oden that his primary responsibility as Director of Transportation was the care of the school buses, supervision of the bus drivers, and the routing of the school’s transportation system. There was some evidence that Dr. Oden did make monthly reports to the principals of the various schools and had some contact with students involving transportation safety. However, the evidence indicates that this incidental contact with instructors and students was not the primary responsibility of the Director of Transportation, and we cannot say that such contact was “active participation” with students and instructors.
Additionally, § 16-23-1, Ala.Code (1975), requires that a “supervisor” hold a certificate issued by the state superintendent of education. Here, the qualifications for the Director of Transportation do not include a teaching certificate nor do they require any minimum education.
We also note that Dr. Oden was not promoted to Director of Transportation, but applied for the position, and upon acceptance submitted a letter of resignation as principal.
Because the position of Director of Transportation was primarily a support position and did not involve active participation with students and instructors, along *663 with the fact that no teaching certificate or minimum educational level was required, we cannot say that the Director of Transportation is a “supervisor” position under Alabama tenure laws.
Put another way, when Dr. Oden resigned his position as a tenured principal, his continuing service status as principal or supervisor did not transfer to his position as Director of Transportation.
Dr. Oden next asserts that his resignation of the position of principal does not terminate his tenure as an instructor.
The record is clear that Dr. Oden was tenured as a teacher and tenured as a principal prior to his acceptance of the position of Director of Transportation. However, at the time of his acceptance of the directorship, Dr. Oden terminated his employment as a principal in a letter of resignation.
Dr. Oden contends that it was not his intent or purpose, upon resignation, to give up any rights he had either as a teacher or as a principal. He claims that the resignation letter makes no mention of relinquishment of tenure rights as a teacher/instructor.
Logic would appear to dictate that, when a person resigns from a position, all rights and privileges of that position are also terminated.
In support of his argument, Dr. Oden cites Smith v. Alabama State Tenure Commission, 430 So.2d 877 (Ala.Civ.App.1982), aff'd, 430 So.2d 880 (Ala.1983), stating that § 16-24-2(b) provides that promotion to principal or supervisor does not jeopardize the tenure of a teacher.
While we agree that a teacher does not lose tenure rights upon promotion to “supervisor,” the facts in the instant case are very distinguishable.
Here, Dr. Oden was not promoted to a “supervisor” position, but, rather, applied for and accepted the position of Director of Transportation and resigned as principal. As stated, we do not believe this directorship was supervisory in nature. Therefore, Dr. Oden resigned from a tenured position to accept a nontenured position.
In effect, it appears that Dr. Oden’s argument is that, once he gained tenure as a teacher, he would always be a tenured teacher, even if he accepted a position away from the teaching field.
The purpose behind the teacher tenure laws is to insure teachers some measure of security in their important work and to free them from being hired and fired at the pleasure of those in charge. Board of Education of Marshall County v. Baugh, 240 Ala. 391, 199 So. 822 (1941).
It seems clear to this court that “once a tenured teacher, always a tenured teacher” is not a'practical principle, nor do we believe it is what the legislature intended. Therefore, we cannot say that Dr. Oden maintained his teacher tenure rights upon resignation as principal.
Dr. Oden lastly contends that a teacher cannot be dismissed for political reasons.
The only evidence in the record that addresses this contention is the conclusion in a letter written by the county superintendent that Dr. Oden’s “dismissal” was “unfair and politically motivated.” This contention was apparently raised because of Dr. Oden’s race for Morgan County Superintendent of Education.
We note that Dr. Oden was not dismissed, but was simply not rehired. The Teacher Tenure Law of Alabama protects a teacher from being dismissed or nonre-newed for political purposes.
However, as stated above, we cannot say that Dr. Oden was tenured as a teacher, principal, or supervisor; therefore, he was not protected by the teacher tenure statutes. The Board was not required to ■ give a reason to a non-tenured individual for the non-renewal of his contract.
Therefore, for the reasons stated above, the judgment of the trial court in denying Dr. Oden’s petition for a writ of mandamus *664 is not in error. This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.