INGRAM, Judge.
The Supreme Court of Alabama, 448 So.2d 315 (Ala.1984) remanded this case to the Circuit Court of Pike County to determine whethér Clayton Berry had attained continuing service status by operation of the Alabama Teacher Tenure Law. The trial court found that Berry was not a tenured teacher under Alabama law, and Berry appeals.
The facts surrounding Berry’s employment are as follows: Berry received a degree in elementary education in June 1978, and was certified to teach by the State *44 Department of Education. Berry was hired by the Pike County Board of Education for the scholastic year 1978-1979 as a tutor in a federally funded Indian program. In his second teaching year, Berry was rehired in the same position prior to the 1979-1980 school year. After six weeks in that position, Berry was offered, and he accepted, the position of coordinator/counselor under the Comprehensive Employment and Training Act (CETA). The next year, Berry was re-employed with the CETA program. Berry was rehired for his fourth teaching year as coordinator/counselor of the CETA program and also served as the director of the Adult Community Education Program. Berry was not re-employed by the board for the 1982-1983 school year.
We find the dispositive issue to be whether or not the trial court erred in its determination that Berry had not met the requirements to become a tenured teacher. Section 16-24-2, Code 1975, gives the criteria for continuing service status for teachers:
“(a) Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive years and shall thereafter be reemployed in such county or city school system the succeeding school year.”
The lower court found, in the face of conflicting evidence, that Berry was an instructor for the purpose of the teacher tenure law for the school year 1978-1979. The court pointed out that Berry’s salary was commensurate with that of an instructor, and his contract was a standard teacher’s contract. However, the lower court found that when Berry was rehired by the Board for the 1979-1980 school year and then voluntarily accepted a position with the CETA program, he removed himself from the tenure track. The contract signed by Berry for the CETA position was a “non-teacher” contract. Furthermore, his activities in the CETA program were neither those of a teacher nor of a supervisor for purposes of the tenure law. We have no choice but to affirm the trial court’s decision. The record is replete with evidence, including the testimony of the appellant himself, showing that his duties did not include traditional educational responsibilities, such as giving grades to students, testing students, preparing lesson plans, or using textbooks. Berry did not conduct regularly assigned classes nor have set working hours. School board members and teachers did not consider him to be a member of the faculty. He did not regularly attend faculty meetings nor conduct regular parental conferences. Berry did not act in a supervisory capacity, assisting students in matters relating to classroom education. Although Berry spent time regularly at four high schools, he had no office, but was there only to have students fill out forms concerning their eligibility for the CETA program. Berry’s duties were split between two school systems. He was employed to ensure that guidelines and regulations of the CETA program were maintained. He did not provide teaching services or educational counseling.
The trial court concluded as a factual matter that Berry did not have tenure in his position as CETA coordinator/counsel- or. We will not reverse the judgment of the trial court unless clearly erroneous. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App.1985). In this case, the findings of the trial court are clearly supported by the evidence.
We would point out that we find the case of Oden v. Alabama State Tenure Comm’n, 495 So.2d 659 (Ala.Civ.App.1985), rev’d, Ex parte Oden, 495 So.2d 664 (Ala.1986), on remand, 495 So.2d 669 (Ala.Civ.App.1986), to be distinguishable upon its facts from the case at hand. The teacher in Oden was employed at all times by the Morgan County Board of Education. Clayton Berry was, however, a participant in a federally funded program. More importantly, Oden concerns the continuation of tenure following a transfer of position. In that case, tenure had been acquired by the teacher as an instructor. The teacher was then promoted to principal and was tenured in that capacity when he applied for the position of county director of transportation. In the case of Clayton Berry, no *45 tenure position had ever been initially obtained which could possibly have survived through Berry’s transfer to another position.
The appellant also argues that the trial court erred in not addressing the contention that Berry was terminated for political reasons. Berry claimed that the incumbent superintendent of the Pike County Board of Education terminated Berry after learning that Berry was going to run for the position. The trial court did not err to reversal in not finding that Berry was terminated for political reasons. There was nothing in the record to indicate that Berry was not rehired due to political reasons. In fact, the record reveals that Berry admitted that he had not even told anyone of his intention to run until after the Board had not renewed his contract. Furthermore, the facts show that Berry was not rehired to the CETA program because Congress abolished the CETA program; thus there were no funds to continue the program. This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.