PER CURIAM.
This is an appeal from a dismissal of taxpayers’ claims challenging the rate of *1341 ad valorem taxes in Colbert County, Alabama.
The complaint was filed on June 7, 1985, and identified as plaintiffs Mr. and Mrs. Billy McClung, individually, and as representatives of the plaintiffs’ class. It alleged that the plaintiffs were owners of rural property in Colbert County for which taxes were assessed at a rate exceeding the qualified “current use” valuation, and, therefore, that a refund was due Mr. and Mrs. McClung and the members of the class they represent. It is undisputed that at the time the lawsuit was filed, Mrs. McClung was not aware that her name was used, did not authorize- such filing, and did not own qualifying property. Mr. McClung died before the action was filed.
Numerous continuances were had before the case was finally set for trial in November 1986. Upon learning that she was involved in the lawsuit, Mrs. McClung, on her own, immediately asked the court to dismiss the case and withdraw her name “from any and all legal documents concerning this case.” The case was dismissed in October 1986, pursuant to her request.
The attorneys for the plaintiffs then timely filed a motion requesting that the action be reinstated because the dismissal was without notice to the putative class of plaintiffs. Further, they filed intervenors’ complaints. The trial court entered an order setting aside the dismissal, reinstating the claim, and setting a hearing on Mrs. McClung’s motion to dismiss. Subsequently, the trial court ordered the names of Mr. and Mrs. McClung removed and the inter-venors’ names substituted.
The defendants filed a motion to dismiss and a motion to strike the intervention, alleging that the trial court never obtained personal or subject matter jurisdiction in that the complaint was filed in the names of Mr. and Mrs. McClung without authority, and that the trial court failed to rule on Mrs. McClung’s motion to dismiss. After the trial court denied these motions, the defendants petitioned for permission to appeal from the interlocutory orders, which was denied by the supreme court on May 19, 1987.
A motion to dismiss for want of prosecution was filed by the defendants on May 24, 1989. Additional pleadings and briefs were submitted to the trial court and another hearing was held in June 1989. The trial court entered an order August 7, 1989, denying the defendants’ motion to dismiss, setting a further hearing on pending motions, and allowing the parties additional time to submit pleadings. On September 22, 1989, the trial court entered an order dismissing the cause based on its finding that it never had jurisdiction. The plaintiffs now appeal. We affirm.
The complicated history of this case extended over four years without reaching the merits of the case. It is best summarized by pertinent parts of the trial court order:
“13. The Court considering all the confusing motions, pleadings and other matters that have come before the Court from the time this lawsuit was filed, the Court finds that it was in error in making certain rulings in that the Court was mistaken about some of the dates that certain things were filed. The Court intends by this order to correct its rulings.
“14. The Court finds that it is undisputed that Mr. Billy McClung died ... prior to the filing of this lawsuit, and that his widow, Mrs. Billy McClung, ... never authorized this lawsuit to be filed individually or in a representative capacity as Executrix of the Estate of Mr. Billy McClung. In other words, this Court never had jurisdiction of this cause and never had power to act from the beginning this lawsuit was filed [sic]. Mrs. [Billy] McClung was never the owner of the property of Billy McClung, and she acquired the interest of the property only by and through the Last Will and Testament of Billy McClung, which was not admitted to probate until June 24, 1985, and further Mrs. McClung was not representative of [the] class.... Billy McClung was exempt from payment of ad valorem taxes....
“15. The court further finds that based on the findings above that the intervention ... should never have been *1342 allowed in that the Court never obtained personal jurisdiction in that there was no lawful action pending....
“... it is therefore ORDERED, ADJUDGED and DECREED by the Court that this Court never had jurisdiction of this cause and the Motion to Dismiss is granted, and this cause is dismissed.
“It is further ORDERED ... that the parties may seek their appeals ... to a higher court ... in that this Court will not consider a motion to reconsider its ruling by this order.”
(Emphasis supplied.)
The appellants’ single issue on appeal is whether the trial court erred in determining that it never acquired jurisdiction in this cause, and, therefore, whether dismissal is proper. The appellants contend that at best Mrs. McClung wished to withdraw as a named plaintiff, which necessitated an intervenor, and that Mrs. McClung had standing because she was the sole beneficiary of her deceased husband’s property and ultimately entitled to any recovery due him.
The appellees argue that, because the lawsuit was filed without the authority of Mrs. McClung, the trial court properly dismissed the cause because it never acquired jurisdiction. Alternatively, they argue that, even if authorization had been given to file the lawsuit, neither Mr. nor Mrs. McClung was representative of the class of members who qualified and applied for current use valuation and paid taxes based on an incorrect valuation. They assert that Mrs. McClung did not own such property and that Mr. McClung, who did own qualifying property, was exempt from paying the taxes.
The record reveals that Billy McClung died prior to the filing of the complaint, and it is unknown whether he authorized the filing of the lawsuit in his name. When questioned about this by the trial court at the hearing on her motion to dismiss, Mrs. McClung responded that she did not like the idea of her husband’s name being used after his death “[a]nd I think if he had of known all about this, which I have found out since, he wouldn’t have wanted it in the first place. And I do not want anything to do with it.”
It is well established that the question of jurisdiction is always fundamental and absent jurisdiction over either the person or the subject matter, a court is without authority to act. Wells v. Wells, 376 So.2d 750 (Ala.Civ.App.1979). The merits of this case were never addressed by the trial court because of the dismissal for lack of jurisdiction. Clearly, a valid decision could not be rendered by a court without jurisdiction. Berry v. Pike County Board of Education, 448 So.2d 315 (Ala.1984).
We have long recognized that an attorney’s appearance in a suit is presumed authorized and that the burden of proving that the attorney did not have the authority to appear is on the party denying it. Singleton v. Allen, 431 So.2d 547 (Ala.Civ. App.1983). Clearly, here the authority of the attorneys to file this lawsuit using the McClung name was questioned immediately upon Mrs. McClung’s discovery that her name was being used. The only evidence before the trial court concerning the authority to act, Mrs. McClung’s testimony, supports the finding of the trial court that Mrs. McClung never authorized the lawsuit to be filed using her name.
We find it clear from the record that the trial court never acquired jurisdiction of this cause and that its ultimate dismissal was proper. Where no cause is lawfully before the trial court, no intervention is possible.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.