THIGPEN, Judge.
Karen Jones (appellant) and Janice Brown filed a complaint against Dr. Thomas Ingram, superintendent, and the Tuscaloosa City School Board (Board) alleging that they were employed and compensated as “part-time teachers” in violation of §§ 16-24-1 et seq., Ala.Code 1975, and seeking declaratory and equitable relief. The complaint was amended requesting *65 back-pay and other benefits due. Brown withdrew from the action.
The trial court found that Jones was employed as a teacher for the school years of 1985-86, 1986-87, and 1987-88. The trial court found that she was entitled to the amount dictated by the minimum salary schedule for the school year 1988-89 and entered a judgment against the Board and in favor of Jones for $10,928 in back pay. The trial court did not award her any relief for any period prior to the 1988-89 school year. Judgment was entered in favor of Ingram, individually. Jones appealed and the Board cross-appealed.
Jones was . employed by the Tuscaloosa City School System from 1982 until the time of trial with one break in service. In 1982-83, she was employed as a physical education aide at a salary of $7,500.00. She worked one-half of the next school year with the same job title and under the same terms of employment.
During the school years 1985-86 and 1986-87, Jones was employed as a physical education certified teacher assistant at a salary of $9,625.00. In 1987-88, she was employed as a .5 physical education teacher at a salary of $9,625.00. Though her title did not change for the school years 1988-1989, she did receive a raise to $10,928.00 and, she received tenure based on her previous three years of part-time teaching experience. The next year, she was made a full physical education teacher at a salary of $22,048.00.
Throughout her entire period of employment, Jones was a certified teacher, renewing her teacher’s certificate with the State Department of Education in 1988.
In her appeal, Jones presents two issues for our review. The first issue on appeal is whether § 16-24-1 et seq., Ala.Code 1975, prohibits the Board from hiring a part-time teacher.
It is clear to this court that there is nothing in the Code of Alabama that can be construed to prohibit school boards from hiring part-time teachers. In fact, § 16-11-9, Ala.Code 1975, vests all powers “necessary or proper” for the administration of the public schools with boards of education. This court is persuaded that there are many circumstances in which it might be appropriate for a school board to hire part-time teachers, including situations where schools want to provide instruction in specialized subjects that require a limited time to teach.
Jones argues that it is her certification that prevents the Board from hiring her as anything less than a full-time, full-salaried teacher. This court refuses to adopt this interpretation of § 16-24-1 et seq., Ala. Code 1975. Certainly the policy considerations of providing teachers, certified or not, with opportunities for employment that might not otherwise exist and providing students with the highest quality of instruction practicable are compelling.
We would also point out that it was the opportunity to teach, though less than full-time, that ultimately resulted in Jones’s tenure, thereby working to her benefit in that way as well.
The second issue raised by Jones in her appeal is whether § 16-24-1 et seq., Ala. Code 1975, prohibits the Board from paying a teacher less than the minimum salary schedule.
Jones would have this court construe § 16-24-4, Ala.Code 1975, so as to apply to all teachers, regardless of status; such a construction is in direct contradiction to the language of the statute, which refers specifically to teachers on continuing service status. Furthermore, this court has held that the teacher tenure law, taken as a whole, evidences a clear legislative intent that it apply to teachers who have achieved continuing service status, in that “where the legislature intended to include nontenured teachers within the act, it specifically stated that intent.” Alabama State Tenure Commission v. Ray, 342 So.2d 21, 22 (Ala.Civ.App.1977). Therefore, the minimum salary schedule applies only to teachers who have achieved continuing service status.
For this reason, we affirm the trial court’s decision that the tenure law did not *66 apply to Jones prior to her being awarded continuing service status.
In its cross appeal, the Board raises three issues for this court’s consideration. First of all, the Board argues that the trial court erred in finding that Jones was employed as a teacher for the 1985-86, 1986-87, and 1987-88 school years.
Given our holding that it is acceptable for school boards to hire part-time teachers, but that once these part-time teachers have achieved continuing service status, they are protected by the minimum salary schedule, it is irrelevant to the outcome of the instant case what Jones’s status was prior to her being awarded tenure. We see no reason to address exactly what capacity Jones was employed in for the years 1985-86,1986-87, and 1987-88, especially in light of the fact that the parties entered into a written stipulation as to her respective positions. Suffice it to say that during those years she was not a teacher who had achieved continuing service status and could therefore be paid less than required by the minimum salary schedule.
Next, the Board contends that the trial court erred in ruling that the minimum salary schedule prohibits the Board from compensating part-time teachers only for work actually done. We cannot agree.
While this court shares the concerns expressed by the Board with regard to its ability to hire part-time teachers at part-time salaries, there is nothing in the trial court’s holding that prohibits such practice up until the part-time teachers achieve continuing service status, at which time their salaries are dictated by statute. There appears to be a limited avenue for hiring part-time teachers and keeping them employed on a part-time basis once they have gained continuing service status, in that they must either be terminated prior to that time, or they will be covered by the minimum salary schedule. Section 16-24-2(a), Ala.Code 1975, has been held to require that after three consecutive years of teaching, the teacher is terminated or gains tenure, and the three-year period cannot be modified by the teacher and/or the board. Haas v. Madison Cty. Bd. of Ed., 380 So.2d 873 (Ala.Civ.App.1980). However, since Jones’s tenured status for the 1988-89 school year is not disputed, the issue of what specific capacity of a teacher’s service should be considered when awarding continuing service status is not before this court. This opinion should not be construed as establishing any requirements for achieving continuing service status; we are not deciding what service ought to be credited toward tenure.
Our concern is this: even if the teacher and the board are satisfied with the part-time arrangement, the teacher will have to be terminated in order to avoid paying the teacher a full-time salary for part-time work, thereby restricting the right to work of teachers who may for their own reasons want to work part-time. However, this is a problem to be addressed by the legislature rather than the judiciary.
Finally, the Board argues that the trial court erred in awarding Jones back pay. Given that § 16-24-4 specifically requires that teachers who have achieved continuing service status be compensated in sums no less than the minimum salary schedule, and that Jones had achieved that status, the trial court could not have held otherwise. For this reason, the decision of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J„ concur.