MOORE, Judge.
The Board of School Commissioners of Mobile County (“the Board”) appeals from a judgment of the Montgomery Circuit Court (“the trial court”) affirming Monica L. Thomas’s right to a hearing following *200 the nonrenewal of her teaching contract with the Board. Thomas cross-appeals from the trial court’s dismissal of her counterclaim seeking redress from the Board and other individual defendants. We dismiss the appeal and the cross-appeal.

Facts and Procedural History

In a letter dated May 6, 2008, Roy D. Nichols, Jr., who was the superintendent of the Board at that time, notified Thomas that her employment contract with the Board would be nonrenewed at the end of the 2007-2008 school year. That letter provided, in pertinent part:
“You are being notified by this letter that during the May 5, 2008, meeting of the Board of School Commissioners, the Board by majority vote, approved the Superintendent’s motion to non-renew contracts of employment for some of the non-tenured teachers. Your name was on the list to be non-renewed. In keeping with the requirement of the Code of Alabama 1975, Section 16-24-12, this is your official notice that your contract of employment will not be renewed for the 2008-2009 school year.”
In a letter dated September 29, 2008, Thomas’s attorney asserted to Nichols that, based on Thomas’s employment history as a teacher within the Mobile County Public School System, she had acquired continuing-service status, or tenure, and requested that Nichols recognize Thomas’s status, reinstate her salary and benefits and pay her any sums due for the 2008-2009 school year, and return her to her last teaching position or another position acceptable to Thomas. That letter further indicated that, if Thomas was not accorded the requested relief within Í5 days of the date of the letter, her attorney would file an appeal of the decision not to renew her employment contract.
On October 14, 2008, Thomas filed a contest of her dismissal with the Chief Administrative Law Judge of the Division of Administrative Hearings, Office of the Attorney General (“the ALJ”); she requested an order finding that she had been dismissed in violation of the former Alabama Teacher Tenure Act (“the ATTA”), former § 16-24-1 et seq., Ala.Code 1975, and rescinding her dismissal. On November 3, 2008, the Board filed an answer to Thomas’s contest.
Both parties submitted briefs to the ALJ. The undisputed facts submitted to the ALJ reveal that Thomas had been employed by the Board as a teacher at Howard Elementary School for the entire 2003-2004 school year; at Meadowlake Elementary School for the entire 2004-2005 school year; and at Indian Springs Elementary School from the beginning of the 2005-2006 school year until January 30, 2006, at which time she voluntarily resigned her position.[1] Thomas was rehired by the Board as a teacher at Craig-head Elementary School on September 14, 2006, for the remainder of the 2006-2007 school year and for the entire 2007-2008 school year, when she received Nichols’s May 6, 2008, letter regarding the nonre-newal of her employment contract. On July 8, 2011, the ALJ entered a final order, concluding that Thomas had attained tenure and that the Board was required to afford her a hearing pursuant to former § 16-24-21, Ala.Code 1975, a part of the ATTA.
On August 5, 2011, the Board filed a petition for a writ of certiorari in the trial court, requesting that the trial court reverse the decision of the ALJ. On September 15, 2011, Thomas filed a response to *201 the Board’s petition; she also filed a counterclaim against the Board, also adding as counterdefendants Nichols and the other members of the Board, Reginald A. Cren-shaw, Judy P. Stout, Levon C. Manzie, Ken Megginson, and William Foster, in their individual and official capacities. In her counterclaim, Thomas sought a declaratory judgment, a writ of mandamus, and a permanent injunction to compel the counterdefendants to offer Thomas a position as a teacher in the Mobile County Public School System, to order the coun-terdefendants to recognize her status as a tenured teacher, and to order the counter-defendants to pay Thomas the liquidated amount she would have earned had she continued her employment as a teacher with the Mobile County Public School System at the end of the 2007-2008 school year.
The Board filed a brief in support of its petition on November 7, 2011. On November 11, 2011, the Board and the remaining counterdefendants filed a motion to dismiss Thomas’s counterclaim. In support of their motion to dismiss, the counterde-fendants asserted that Thomas had failed to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), Ala. R. Civ. P., and that her claims for backpay and other equitable relief were barred by the applicable statute of limitations. On November 16, 2011, Thomas filed a response in opposition to the Board’s brief supporting its petition for a writ of certio-rari and in support of her counterclaim. The Board and the remaining counterde-fendants filed a reply brief on November 28, 2011.
On December 6, 2011, the trial court entered a judgment denying the Board’s petition for a writ of certiorari, affirming the ALJ’s decision, and dismissing Thomas’s counterclaim. Thomas filed a post-judgment motion on December 20, 2011, requesting the trial court to reinstate her counterclaim or, in the alternative, to clarify its reason for dismissing her counterclaim. The Board- filed a postjudgment motion on December 27, 2011, requesting the trial court to reconsider its denial of its petition for a writ of certiorari; that motion was denied on January 3, 2012. The trial court denied Thomas’s postjudgment motion on March 12, 2012. On April 18, 2012, the Board filed its notice of appeal to this court. Thomas filed her cross-appeal on April 25, 2012.

Discussion

The Board argues on appeal that the trial court erred in affirming the ALJ’s decision because, it says, Thomas was not a tenured teacher and, thus, was not entitled to a hearing following the nonrenewal of her contract. Thomas cross-appeals on the ground that the trial court erred in dismissing her counterclaim. We cannot address those issues, however, because we conclude that this court lacks subject-matter jurisdiction. See Alabama Dep’t of Pub. Safety v. Barbour, 5 So.3d 601 (Ala.Civ.App.2008).
The ATTA provided that teachers could attain continuing-service status by serving “under contract as a teacher in the same county or city school system for three consecutive school years .... ” Former § 16-24-2(a), Ala.Code 1975. Teachers that attained continuing-service status, or tenure, could only be dismissed for certain grounds as stated in former § 16-24-8, Ala.Code 1975, and only by following the exact notice and hearing procedures established in former § 16-24-9, Ala.Code 1975. On the other hand, the employment contracts of teachers who had not attained continuing-service status, i.e., “nontenured” teachers, could be canceled if, “in the opinion of the [school] board, the best interests of the school require[d] it,” former § 16-8-23, Ala.Code 1975, and such a cancellation could be effectuated by simply *202 notifying the teacher of the nonrenewal of his or her employment contract in compliance with former § 16-24-12, Ala.Code 1975. Nontenured teachers did not have any rights to a conference with the employing board or to a hearing before an administrative law judge or other hearing officer to contest the school board’s decision to cancel his or her employment contract. See, e.g., Nelson v. Etowah Cnty. Bd. of Educ., 708 So.2d 413 (Ala.Civ.App.1997).
Although the ATTA set out a very clear distinction between tenured and nontenured teachers, it did not provide any mechanism for resolving disputes regarding whether a particular teacher had attained continuing-service status. In Boyd v. Alabama State Tenure Commission, 406 So.2d 488 (Ala.Civ.App.1981), an employing school board determined that a teacher had not attained continuing-service status and summarily canceled the teacher’s employment contract. This court held that the teacher could not contest the school board’s determination through any administrative proceedings because the Tenure Commission could only hear appeals from tenured teachers. This court suggested that the issue whether the teacher had attained continuing-service status could be decided only through an original legal action filed in circuit court. 406 So.2d at 439.
In Berry v. Pike County Board of Education, 448 So.2d 315 (Ala.1984), our supreme court, relying on Boyd, held that whether a teacher has attained continuing-service status cannot be decided in an administrative proceeding. The court noted that, at that time, the ATTA bestowed upon the Tenure Commission the authority to hear employment-termination contests filed only by tenured teachers but that the ATTA did not give the Tenure Commission any authority over nontenured teachers. The supreme court stated: “Since the [Tenure] Commission lacks jurisdiction to render a decision that a teacher is not tenured, it lacks the authority to determine the issue of the existence, vel non, of tenure.” 448 So.2d at 317. The court further stated that “[n]o administrative remedy exists for a teacher who claims to be tenured, but who is treated by the employing board as not tenured.” Id. Thus, the supreme court agreed with Boyd that “the proper place to litigate that issued i.e., the question of a teacher’s tenured status,] is in the circuit court.” Id. Two years later, in Alabama Association of School Boards v. Walker, 492 So.2d 1013 (Ala.1986), the supreme court clarified that its holding in Berry applies in any case “in which a teacher’s tenure status vel non is itself the primary issue to be resolved, i.e., whether tenure status was ever gained.” 492 So.2d at 1015.
It is clear from the record that Nichols and the Board treated Thomas as a nontenured teacher.[2] The May 6, 2008, letter *203 from Nichols notified Thomas that the Board had designated her as a nontenured teacher and that the Board had summarily decided to nonrenew her employment contract. The letter did not apprise Thomas of any of the rights she would have under former § 16-24-9 as a tenured teacher. Thomas obviously disputed the position of the Board and Nichols, as outlined in her September 29, 2008, letter in which she asserted that she had attained continuing-service status and that she was thus entitled to the full protection of the ATTA before her employment could lawfully be terminated.
Thomas submitted the dispute regarding her tenure status to the ALJ in October 2008; however, the ALJ did not have jurisdiction over that dispute. As was the case in 1984 and 1986 when Berry and Walker were decided, as of 2008 the ATTA did not provide an administrative remedy to resolve a dispute as to tenure status. In 2008, former § 16-24-9 and former § 16-24-10, Ala.Code 1975, provided that hearing officers (as opposed to the former Tenure Commission) were to decide contests regarding the termination of employment contracts of tenured teachers, but not of nontenured teachers. Former § 16-24-21(a), Ala.Code 1975, upon which the ALJ in this case specifically relied for its jurisdiction, provided:
“A teacher who has attained continuing service status and has been denied a hearing before the local board of education as required by Section 16-24-6, 16-24-9, 16-24-15, or 16-24-18[, Ala. Code 1975,] shall have the right to appeal directly to the Chief Administrative Law Judge of the Office of Administrative Hearings, Division of Administrative Law Judges, Office of the Attorney General for relief.”
(Emphasis added.) Former § 16-24-21 provided appellate rights only for tenured teachers, not nontenured teachers. Consistent with the reasoning of Berry, Walker, and Boyd, the ALJ did not have jurisdiction to decide the - threshold question whether Thomas had attained continuing-service status. That issue could be decided only in a legal action before the circuit court, and any action taken by the ALJ on that issue is void and without effect.
In Ex parte Warwick Development Co., 681 So.2d 569 (Ala.1996), our supreme court denied a petition for a writ of certio-rari directed to this court’s decision in R.B.Z. v. Warwick Development Co., 681 So.2d 566 (Ala.Civ.App.1996), in which this court reversed a summary judgment entered by the trial court. At the time it denied certiorari review, the supreme court did not have any information before it indicating that the amount in controversy exceeded $50,000, the jurisdictional limit of this court. On a later petition for a writ of mandamus, the supreme court received information that the amount in controversy had exceeded the jurisdictional limit of this court. Ex parte R.B.Z., 725 So.2d 257, 258 (Ala.1997). The supreme court held that, if upon a review of the record in R.B.Z. v. Warwick Development Co., 681 So.2d 566, it determined that this court had acted without subject-matter jurisdiction, it' would treat the reversal by this court as a nullity and would consider the initial appeal as if it had been transferred by this court to the supreme court as it should have been originally. Ex parte R.B.Z., 725 So.2d at 260-61. In effect, the supreme court held that, if it had decided a *204 petition for a writ of certiorari from a void decision, that decision would have no legal effect.
In this case, the Board purported to file a petition for writ of certiorari to the trial court. Although the petition asserted at one point that the Board was contesting the jurisdiction of the ALJ, the body of the petition merely attacked the legal conclusions drawn by the ALJ as to the merits of the contest regarding Thomas’s tenure status. The Board did not request that the trial court determine whether the ALJ had lacked subject-matter jurisdiction over that basic issue. See Riley v. Hughes, 17 So.3d 643, 648 (Ala.2009) (“[S]ubject-mat-ter jurisdiction cannot be waived by the failure to argue it as an issue.”). Accordingly, the trial court responded to the issues as set out in the petition, without first investigating whether the ALJ had acted within its statutory authority by asserting jurisdiction over the matter. Based on Ex parte R.B.Z., we conclude that the trial court lacked the authority to review on a petition for a writ of certiorari the substance of the order entered by the ALJ that was entered wholly without statutory jurisdiction and that the petition filed by the Board, essentially seeking judicial review of the merits of a void order, failed to invoke the trial court’s subject-matter jurisdiction.
Because the proceedings in the trial court were void ab initio, the trial court lacked the authority to enter its judgment against the Board. See Bernals, Inc. v. Kessler-Greystone, LLC, 70 So.3d 315, 321 (Ala.2011). Likewise, because the Board’s petition did not invoke the trial court’s jurisdiction, that court likewise did not obtain jurisdiction over Thomas’s counterclaims, filed in the same action, and its dismissal of those counterclaims is also void. See Blevins v. Hillwood Office Ctr. Owners’ Ass’n, 51 So.3d 317, 321-23 (Ala.2010) (Because plaintiff lacked standing, complaint failed to invoke trial court’s subject-matter jurisdiction, and action was due to be dismissed in toto, including defendant’s counterclaims.). A void judgment will not support an appeal or a cross-appeal. See Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Thus, we dismiss the appeal and the cross-appeal as being from a void judgment, albeit with instructions to the trial court to vacate its void judgment and to remand the cause to the ALJ with instructions that the ALJ vacate its void order as well.
APPEAL AND CROSS-APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN and BRYAN, JJ., concur.
THOMPSON, P.J., and THOMAS, J., concur in the result, without writings.

. The Board accepted her resignation in February 2006.

. This case differs materially from Birmingham City Board of Education v. Hawkins, 48 So.3d 638 (Ala.Civ.App.2009). In Hawkins, it was undisputed that Hawkins, the teacher, had attained tenured status before allowing her teaching certificate to lapse. The local school board purported to cancel her employment contract without following the notice and hearing requirements established in former §§ 16-24-9 and -10, Ala.Code 1975, on the ground that the lapse had extinguished Hawkins’s status as a teacher. Hawkins appealed to an administrative law judge under former § 16-24-21, Ala.Code 1975, who held that, as a tenured teacher, Hawkins was entitled to notice and a hearing before her employment contract could be terminated. The local school board then filed a petition for writ of certiorari, which the Montgomery Circuit Court denied, prompting an appeal to this court. The issue in Hawkins was not whether Hawkins had acquired tenured status, but whether she was, in fact, still a teacher due to the lapse of her teaching certificate. Former § 16-24-21 provided a tenured teach *203 er the right to appeal to an administrative law judge if he or she was denied his or her rights to notice and a hearing, so Hawkins followed the correct procedure in that case. In this case, Thomas and the Board dispute whether Thomas ever attained tenured status, which dispute cannot be decided under former § 16-24-21.