This is an appeal from the denial of a writ of mandamus in a teacher tenure case.
Troy W. Franklin had been a teacher in the Franklin County School System for approximately five years. Near the end of the 1983-84 school year, the Franklin County Board of Education notified Mr. Franklin that a proposal had been made to cancel his teaching contract. On August 17, 1984, the Alabama State Tenure Commission found that this cancellation had been unjust and ordered the contract reinstated. Both parties received notice of this decision on August 17, 1984.
The Franklin County School System opened its doors to students on August 20, 1984. Vina High School, where Mr. Franklin had been assigned the previous five years, is part of that system. Mr. Franklin failed to report to school on August 20, as well as for almost a two-week period thereafter. No attempt was made to contact the administration with an excuse for this failure to report. On August 30, 1984, Mr. Franklin was notified that the Board had again proposed to cancel his contract. After a hearing on September 28, 1984, the Board followed through with its proposal. This decision was appealed to the Tenure Commission on October 15, 1984. The Tenure Commission affirmed on December 4, 1984. A writ of mandamus was denied in the Circuit Court of Franklin County on December 20, 1984. This appeal followed.
Judicial review of the Tenure Commission's decision is limited to two determinations. First, whether procedural requirements of the article were complied with, and second, whether there was sufficient evidence before the Commission to support its decision. Wright v. Marsh, 378 So.2d 739
(Ala.Civ.App.), cert. denied, 378 So.2d 742 (Ala. 1979).
As appellant has not contested the procedural aspects of this case, our review will be limited to the issue of whether the *Page 1216 
decision of the Tenure Commission is supported by sufficient evidence. We note that such decision must be affirmed, unless it is against the preponderance and overwhelming weight of the evidence. Wright v. Marsh, supra. We find that it is so supported and affirm.
Appellant asserts two basic lines of argument to the contrary. First, that his actions did not constitute a "willful refusal" to report and thus did not amount to "insubordination." Second, that certain facts present in the case constitute either an excuse for his actions or bad faith on the part of the school board.
As to the first argument, we note that the record does not indicate that Mr. Franklin's contract was cancelled for any "willful refusal" or "insubordination." Instead, it clearly indicates that the cancellation was for "neglect of duty" in that he failed to report to his assigned school.
"Insubordination" and "neglect of duty" as set out in §16-24-8, Code of Alabama 1975, are two distinct and separate grounds for which a teacher's contract may be cancelled. While "insubordination" may require some willful action or failure to act by a teacher, see, Heath v. Alabama State TenureCommission, 401 So.2d 68 (Ala.Civ.App.), cert. denied,401 So.2d 72 (Ala. 1981), "neglect of duty," by its own terms, describes a failure to do what one is required by law or contract to do. Pratt v. Alabama State Tenure Commission,394 So.2d 18 (Ala.Civ.App. 1980), cert. denied, 394 So.2d 22 (Ala. 1981). Thus, any argument concerning the ground of "insubordination" is pointless. Such a charge has not been made.
Appellant next argues that he should be excused from his failure to report because the school board acted in bad faith. He alleges two primary reasons for this assertion. First, that the school board failed to notify him that school had begun for the 1984-85 term. Second, that the school administration failed to place him on the schedule or to assign him any classes at Vina High School.
We agree with appellant's argument that due process requires that school boards must act, when dealing with teacher employment contracts, in a manner that would constitute "fair play." See, State Tenure Commission v. Madison County Board ofEducation, 282 Ala. 658, 213 So.2d 823 (1968). However, the record indicates that the Franklin County School Board complied with such requirement. We find no excuse for Mr. Franklin's failure to report.
We have not been cited to any authority which suggests that a school board is required to notify their teachers of the time at which school is to begin each year. We also cannot find conclusive evidence in the record suggesting that Mr. Franklin was the only teacher in the Franklin County School System that was not given such a notice. What the record does indicate, however, is that Mr. Franklin was actually aware of the date on which school had started. He not only saw the school bus pass by his residence, but had also been a teacher in the same high school for the five previous years. In each of these years, school had begun on approximately the same date. We cannot say that the Tenure Commission's conclusion on this issue is against the overwhelming weight of the evidence.
As to the failure of the school board to either place him on a written schedule or assign him any duties, we do not find this significant. The board and the administration of Vina High were not aware that Mr. Franklin would be returning until the decision of the commission on August 17, 1984. We cannot say that the absence of Mr. Franklin's name on a written schedule, prepared during a time when the administration did not expect his return, constitutes bad faith. More importantly, we do not understand how this could constitute an excuse for Mr. Franklin, when the record indicates that he did not obtain the schedule until after preparation for this litigation began. He could not have been relying on this schedule when he decided not to report. Besides, the record contains testimony *Page 1217 
which indicates that these schedules are often only tentative in nature. The school board insists that Mr. Franklin had duties to perform. We cannot say that this is not the case, as Mr. Franklin did not report to find out.
We hold then, that Mr. Franklin's proper course of action upon reinstatement of his contract was to report to his school and hold himself ready to perform his contractual and legal duties. At the time of the Tenure Commission's decision, any suspension of duties on Mr. Franklin's part was lifted. He was required to report to school as he had the prior five years. His failure to do so, absent any justifiable excuse, provided a sufficient basis for the cancellation of his contract. Thus, the decision of the Tenure Commission was not against the preponderance and overwhelming weight of the evidence and is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.