These two appeals and two cross-appeals are from a judgment of the Circuit Court of Lawrence County directing that an evidentiary hearing be held by the Lawrence County Board of Education ("Board") to determine if the plaintiff, Sandra Walker, abandoned her contract of employment.
The plaintiff was a tenured teacher in the Lawrence County school system prior to the beginning of the 1983-84 school year. To begin the school year, the system held a "teacher institute" on August 19, 1983, with attendance being mandatory. See, Code 1975, § 16-23-8. Of course, excuses for nonattendance are permitted under Code 1975, § 16-23-9. Notice of the institute had been sent to all teachers in the system, including the plaintiff, on August 8, 1983. On or about August 17, 1983, the plaintiff sent a note to her school principal indicating that she had suffered a serious injury to an eye and would be out of work for an indefinite period of time. *Page 1015 
Sometime between late September and mid-October of 1983, the plaintiff sent another note, which was dated September 26, 1983, and signed by a physician, stating that she would be absent for at least six months.
On November 23, 1983, a letter was sent by the Lawrence County Board of Education to the plaintiff's attorney stating that the Board believed that the plaintiff had "abandoned" her contract, and further stating that the Board "acquiesced" in her abandonment. Apparently, this decision finding "abandonment" and "acquiescence" had been made by the Board at a meeting on September 6, 1983, but notification of the decision was not given to the plaintiff until November. It is clear that the Board did not follow the procedures for cancellation of the teacher's contract set forth in Code 1975, § 16-24-9. In January, 1984, the Alabama Education Association ("A.E.A."), a professional association of which plaintiff was a member, demanded that the plaintiff be returned to her position or be granted a hearing. Also in January 1984, the plaintiff attempted to return to work, but was told that there was no position for her. The demand for a hearing was not answered.
No further action was taken until March 1, 1984, when the plaintiff filed the present lawsuit against the Lawrence County Board of Education. The complaint asked for a judgment declaring that the plaintiff had tenure status and that her statutory and constitutional rights had been denied by the Board. The complaint further asked for an injunction preventing cancellation of her employment contract. Shortly thereafter, the Alabama Association of School Boards intervened for the purpose of joining the Board, and the A.E.A. intervened to join the plaintiff. See, Rule 24 (b), A.R.Civ.P.
A motion to dismiss, which challenged the circuit court's jurisdiction, was filed by the defendants, but was overruled by the circuit court on May 22, 1984. Crossmotions for summary judgment were later filed by the parties. On July 25, 1985, the circuit court granted the plaintiff's motion for summary judgment and ordered that the Board hold an evidentiary hearing to allow the plaintiff to present evidence in support of her claim, and that a record be established so that the matter could then proceed through the administrative procedures of the Alabama Teacher Tenure Act. All four parties to this action appealed from this order.
The dispositive issue in this case is whether the circuit court was correct in ordering that the case be sent back to the Board to hold an evidentiary hearing to determine if the plaintiff abandoned her contract of employment. We hold that this was the correct procedure for the court to follow under the unique facts of this case, and we affirm its judgment.
First, the plaintiff argues that the Board's contention concerning abandonment has put her tenure status in dispute, and, that, under the holding of Berry v. Pike County Board ofEducation, 448 So.2d 315 (Ala. 1984), the circuit court was the proper forum in which to have her case resolved. Berry holds that "where the teacher's status as a tenured teacher . . . is questioned, no [administrative] procedure exists" and the circuit court is the proper forum in which to resolve that dispute.
We recognize that Berry creates an ambiguity in Alabama's teacher tenure law, and we take this opportunity to clarify that holding. The Berry holding is limited to those cases in which a teacher's tenure status vel non is itself the primary issue to be resolved, i.e., whether tenure status was evergained. A case in which a tenured teacher's contract has been cancelled will naturally carry with it a contention that tenure status has been lost by virtue of the cancellation, but in such a case, an administrative remedy certainly exists for the teacher. See, Code 1975, §§ 16-24-8, -9, -10. If it is uncontradicted that tenure status was originally gained, and the teacher's contract was thereafter cancelled, one disputing that cancellation must follow the administrative remedies set forth by the statutory scheme of the tenure act. *Page 1016 
Until this procedure is exhausted, the circuit court is without jurisdiction to issue an order on the merits of the case.
This interpretation of Berry is supported by a close examination of that case and the case that it primarily relies on, which is Boyd v. Alabama State Tenure Commission,406 So.2d 438 (Ala.Civ.App. 1981). In Berry, the plaintiff had worked as an instructor for two school terms and for six weeks of a third school term. He then worked as a "coordinator/counselor" for the remainder of that school term and for the following full school term. Because the plaintiff had not worked in either of the two positions for the requisite period expressed in Code 1975, § 16-24-2, it was disputed whether he had ever gained tenure status. Therefore, the only forum which could hear his dispute over the cancellation of his contract was the circuit court, because the tenure commission has no jurisdiction over a non-tenured teacher. Alabama State Tenure Commission v. Ray,342 So.2d 21, 23 (Ala.Civ.App. 1977). Likewise, in Boyd, the plaintiff was found never to have gained tenure status. Therefore, his only remedy was to go directly to circuit court, because the tenure commission was not authorized to hear his appeal.
In the present case, the plaintiff had worked as an instructor in the Lawrence County school system for 12 consecutive years. There was no question that she was a tenured teacher, pursuant to Code 1975, § 16-24-2, at the time this dispute arose, and her tenure status at the time of this dispute was never an issue. Therefore, an administrative remedy existed for the plaintiff to have the dispute settled.
This Court has decided the issue of abandonment of a tenured teacher's employment contract only once. See, Enzor v.Faircloth, 253 Ala. 266, 43 So.2d 811 (1949). The question of abandonment in Enzor was resolved in the circuit court, and the proper forum to decide that dispute was apparently not an issue. However, Enzor does not stand for the proposition that an "abandonment" case may bypass the tenure commission, because the tenure commission was not created until 1953. See, Acts ofAlabama 1953, Act No. 773, September 16, 1953, pp. 1040-46.Enzor was decided in 1949, when the applicable statute provided that a decision of a school board to cancel a tenured teacher's contract could be reviewed only by the circuit court. See, Code 1940, tit. 52, § 358.
The plaintiff in this case correctly began the process to obtain an administrative remedy by demanding a hearing before the Lawrence County Board of Education. The demand was received by the Board on January 24, 1984, but was never answered by the Board. Apparently because of the ambiguity created by the Berry
opinion and the lack of any action by the Board from which to appeal to the tenure commission, the plaintiff filed this declaratory judgment action in circuit court on March 1, 1984. The trial court, recognizing that the plaintiff was entitled to a hearing before the Board, but that she had been unable to exercise her due process right to that hearing, was correct in ordering an evidentiary hearing.
In the ordinary case, such a demand for a hearing by a tenured teacher is deemed denied if not answered within a reasonable time. Thereafter, an appeal to the tenure commission will lie from the denial. Code 1975, § 16-24-37. While there is no time limit specified by statute for perfecting such an appeal, the appeal to the tenure commission must be "expeditiously sought," or it is barred. Alabama State TenureCommission v. Board of School Commissioners of Mobile County,378 So.2d 1142, 1144 (Ala.Civ.App. 1979). However, because of the ambiguity created by Berry, which led to confusion as to the proper forum for the plaintiff, we hold that the plaintiff is now entitled to a hearing before the Board. If the Board should find against the plaintiff, she may thereafter appeal its decision to the tenure commission, pursuant to Code 1975, §16-24-10 (b). If such an appeal is taken, the party aggrieved by the tenure commission's decision may then petition the circuit court for review. Code 1975, § 16-24-38. *Page 1017 
Second, the Board has contended that the plaintiff is not entitled to a hearing under the teacher tenure statutes, Code 1975, § 16-24-1, et seq., because the Board has not cancelled
the plaintiff's employment contract "against her will." See,Enzor, supra. Rather, the Board argues, the plaintiff abandoned
her contract by her failure to return to work for the 1983-84 school term.
We note that the only instance where notice and an opportunity to have a hearing need not be provided to a tenured teacher is when a teacher voluntarily cancels her own contract pursuant to Code 1975, § 16-24-11. An allegation by a school board that a tenured teacher "abandoned" her employment contract does not necessarily deprive that tenured teacher of the rights and remedies granted to her by the legislature. Tenure status creates in a teacher an important "property interest" that cannot easily be taken away. Smith v. BirminghamBoard of Education, 403 So.2d 226, 227 (Ala. 1981); Bell v.Board of School Commissioners of Mobile County, 450 F. Supp. 162,166 (S.D.Ala. 1978). Our state legislature expressly created this scheme of administrative procedures to insure that teachers who have attained such a property interest may have security and permanence in their employment. Ex parte Wright,443 So.2d 40, 42 (Ala. 1983); Madison County Board of Educationv. Wigley, 288 Ala. 202, 259 So.2d 233 (1972). This legislative scheme should be liberally construed in favor of tenured teachers. Barger v. Jefferson County Board of Education,372 So.2d 307, 309 (Ala. 1979). Consequently, these administrative remedies should be readily available for a tenured teacher who contests the cancellation of her contract, as this plaintiff has done consistently.
In this case, it appears that by acting "against her will" in not allowing the plaintiff to return to her teaching position, the Board has effectively cancelled her contract, and that "abandonment" was the reason for cancellation.
Pursuant to Code 1975, § 16-24-8, the Board can cancel a tenured teacher's employment contract only for the reasons of "incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause." A contention that a teacher "abandoned" her contract falls within the category of "neglect of duty." "Neglect of duty" is defined as "a failure to do what one is required by law or contract to do." Pratt v. AlabamaState Tenure Commission, 394 So.2d 18, 21 (Ala.Civ.App. 1980), cert. denied, 394 So.2d 22 (Ala. 1981). Plainly, a contention that one has abandoned an employment contract constitutes an assertion that she has failed to perform the requirements of her contract. See, Franklin v. Alabama State Tenure Commission,482 So.2d 1214, 1216 (Ala.Civ.App. 1985). See, also, Overton v.Goldsboro City Board of Education, 304 N.C. 312, 283 S.E.2d 495
(1981); People v. Board of Education of New York, 212 N.Y. 463,106 N.E. 307 (1914) (teacher's unauthorized absence from work may constitute "neglect of duty" and be lawful grounds for cancellation of the teacher's contract).
Thus, "abandonment" can be a valid reason for cancelling a tenured teacher's employment contract. However, the determination of whether abandonment, or neglect of duty, actually occurred in a certain case is within the province of the employing board subject to appeal to the state tenure commission, pursuant to Code 1975, § 16-24-10, and review by the circuit court, pursuant to Code 1975, § 16-24-38.
In light of the above, we affirm the trial court's judgment directing the Board to hold an evidentiary hearing to decide if the plaintiff abandoned her contract of employment. If it is found that the plaintiff's contract should not have been cancelled, the issue of an award of backpay should be addressed in conformity with existing Alabama law. While the issue of backpay has been argued on cross-appeal in this Court, it should not be decided until the question of the propriety of cancellation of the contract *Page 1018 
is settled. See, Madison County Board of Education v. Wigley,288 Ala. at 210, 259 So.2d at 239-40.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.