This is a breach of an employment contract controversy between three teachers (the plaintiffs) and their employer, the Huntsville City Board of Education (Board).
On September 26, 1985, the plaintiffs sued the Board, its superintendent, and its individual members. They averred that each of them had been employed by the Board for a sufficient number of years for each plaintiff to gain and possess continuing service status, that, prior to August 16, 1983, each plaintiff was employed under a continuing contract which required him/her to work for 10 calendar months or 196 work days, and that the Board unilaterally modified the plaintiffs' contracts of employment on August 16, 1983, by extending the contracts to 200 days, without additional compensation to the plaintiffs and without the agreement of the plaintiffs to such modification. They sought an injunction and the payment to them for each day which each of them has been required to work beyond 196 days per year. The trial court granted the defendants' motion to dismiss and thereby dismissed the plaintiffs' civil action upon the ground that the contracts forming the basis of the plaintiffs' cause of action are subject to the Teacher Tenure Act (the Act), §§ 16-24-1 through -38, Ala. Code (1975), that the plaintiffs must exhaust the statutory remedy afforded to them by the Act, and that their failure to do so bars this civil action. The plaintiffs timely appealed to the supreme court, and the appeal was recently transferred to this court. *Page 261 
The plaintiffs contend that § 16-24-10(c), Ala. Code (1975), is unconstitutional, but they cite only section 10 of the Alabama Constitution of 1901 as their sole support of that argument. That section of our constitution allows everyone who is involved in litigation in Alabama either to have counsel or to represent himself, as the litigant chooses. Section 10 is not here involved. It is such an inapt authority as to the plaintiffs' contention that it is the equivalent of no citation concerning it. We pretermit further discussion of that issue for that reason. Henderson v. Alabama A M University,483 So.2d 392 (Ala. 1986).
The terms and provisions of the Act are read into each and every employment contract between teachers and school boards.Haas v. Madison County Board of Education, 380 So.2d 873
(Ala.Civ.App.), cert. denied, 380 So.2d 877 (Ala. 1980). Ordinarily, contract principles do not control when they conflict with the Act, or with its intent. Ex parte Wright, 443 So.2d 40
(Ala. 1983). This is a breach of contract case, and it conflicts with the Act which provides that "[n]o action shall lie for the recovery of damages for the breach of any employment contract of a teacher in the public schools." Ala. Code (1975), §16-24-10(c).
In Schneider v. Mobile County Board of School Commissioners,378 So.2d 1119 (Ala.Civ.App. 1979), cert. denied,378 So.2d 1122 (Ala. 1980), tenured teachers did not execute employment contracts in the form that the contracts were submitted to them by the local board which subsequently ascertained that the teachers had terminated their employment by not signing such contracts, and, thereafter, the teachers followed the procedures as established by the Act to obtain a rescission of the local board's action. In another case the school board unilaterally reduced the number of months per year of teacher employment, and tenured teachers pursued the statutory remedy afforded to them by the Act with the end result being a determination by the supreme court that the board's action constituted a partial cancellation of the teachers' employment contracts. Wright, 443 So.2d at 42. In the present case the Board's action could be construed to be a partial cancellation of the plaintiffs' contracts, and such cancellations are governed by § 16-24-10 of the Act.
The latest pertinent case holds as follows:
 "A case in which a tenured teacher's contract has been cancelled will naturally carry with it a contention that tenure status has been lost by virtue of the cancellation, but in such a case, an administrative remedy certainly exists for the teacher. See, Code 1975, §§ 16-24-8, -9, -10. If it is uncontradicted that tenure status was originally gained, and the teacher's contract was thereafter cancelled, one disputing that cancellation must follow the administrative remedies set forth by the statutory scheme of the tenure act. Until this procedure is exhausted, the circuit court is without jurisdiction to issue an order on the merits of the case.
". . .
 "In the present case, the plaintiff had worked as an instructor in the Lawrence County school system for 12 consecutive years. There was no question that she was a tenured teacher, pursuant to Code 1975, § 16-24-2, at the time this dispute arose, and her tenure status at the time of this dispute was never an issue. Therefore, an administrative remedy existed for the plaintiff to have the dispute settled."
Alabama Association of School Boards v. Walker, 492 So.2d 1013,1015-16 (Ala. 1986).
The holding in the Walker case adequately disposes of the present appeal. Here, the plaintiffs are tenured teachers. They should have proceeded under, and their remedy was in accordance with, the provisions and procedures as established by the Act.Walker, 492 So.2d 1013. We fully agree with the learned trial court that the plaintiffs' failure to exhaust the statutory remedy which the Act afforded to them bars their present action, and we affirm the final judgment of dismissal. *Page 262 
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.