EDWARD N. SCRUGGS, Retired Circuit Judge.
Retired Lt. Col. Perry, a tenured teacher, instituted proceedings in the Circuit Court of Greene County for a writ of mandamus against the Greene County Board of Education (Board) to compel the Board to comply with a decision of the Alabama State Tenure Commission (Commission).
After due notice to Perry, the Board met on May 4, 1984, to consider the Greene County Superintendent of Education’s recommendation that Perry’s contract be canceled because he was not certified to teach the subject which he was originally employed to teach and because there were no openings in the area of his certification. The Board canceled Perry’s employment contract, and he duly appealed to the Commission, which on July 12, 1984, struck the transcript of the Board’s proceedings because the Board did not file the transcript with the Commission within the required thirty days. The Commission further reversed the action of the Board. Neither an appeal nor mandamus was ever filed by the Board to review that order of the Commission.
Perry was a retired Army officer and had been employed by the Board since September 1977 to teach Junior Reserve Officers’ Training Corps (JROTC) classes at a Greene County high school. The Department of the Army had withdrawn Perry’s authorization for employment as a JROTC senior instructor as of March 30, 1984, but the Army on April 4, 1984, certified that Perry possessed the basic qualifications for employment as a JROTC senior instructor in a school system other than in Greene County, and on May 24, 1985, the Army totally reversed its March 30, 1984, action and fully certified Perry for hire as a JROTC senior Army instructor.
The State Superintendent of Education had notified Perry by letter dated August 24, 1984, that it was the State Superintendent’s intent to revoke Perry’s teacher’s certificate. Perry requested a hearing upon that matter, and no further action was taken until the General Counsel for the State Department of Education notified Perry’s attorney by a letter dated October 17,1985, that the certificate revocation proceedings were dismissed because of the Army’s recent action in reauthorizing Perry as an JROTC instructor. At all times which are presently pertinent Perry held, and continues to hold, a valid Alabama teaching certificate.
On August 6, 1984, Perry requested that his contract rights be restored, and the Greene County Superintendent of Education wrote to him on August 14, 1984, that it would be premature to discuss his employee status with the Board. After the State Superintendent, on or about October 17, 1985, dismissed the pending proceedings to revoke his Alabama teaching certificate, Perry again requested reinstatement of his contract rights with the Board, and the Board again would not reinstate him.
*259 In January 1986, Perry filed the present mandamus proceedings, and, after an ore tenus trial before the circuit court, the following judgment was rendered and entered:
“ORDER FOR WRIT OF MANDAMUS
“This matter came on to be heard by the Court, and the parties appearing in open court with counsel and the Court, having considered the pleadings, the evidence, and the briefs and arguments of counsel, finds that the Respondents [the Board and County Superintendent] are due to follow the July 12, 1984, decision of the Alabama State Tenure Commission regarding the Petitioner [Perry]. The Court further finds that the Respondents have never challenged, by way of mandamus or appeal, the action of the Alabama State Tenure Commission taken in its July 12, 1984, decision. Thus, this decision of the Tenure Commission is due to be considered final and conclusive. Section 16-24-38, Code of Alabama, 1975; Tuscaloosa City Board of Education v. Roberts, 440 So.2d 1058 (Ala.1983).
“The Court further finds that Petitioner has at all times held a valid Alabama teaching certificate. The Court is of the opinion that the Army Regulations would not control and take precedence over the Alabama Teacher Tenure Law regarding the tenure rights of the Petitioner, even had the Petitioner remained de-autho-rized; however, the Court does not find it necessary to address that point here in making its decision because the Army reversed its February 22, 1984, decision and all subsequent decisions affecting the Petitioner and thereby reinstated Petitioner’s authorization.
“The Court further determines that the Petition for Mandamus has been timely filed, that with the continuous proceedings involving the parties, including the review undertaken by the Army, it cannot be said that Petitioner was guilty of unreasonable delay in seeking to enforce the Tenure Commission's decision. Respondents have urged this Court to adopt or otherwise follow a three (3) month rule regarding the time within which Petitioner should have filed this action for mandamus, citing Alabama State Tenure Commission v. Board of School Commissioners, 378 So.2d 1142 (Ala.Civ.App.1979), Burks v. Alabama State Tenure Commission, 380 So.2d 901 (Ala.Civ.App.1980). The Court, in these cases, addressed the situation where a party was challenging or seeking review of a Tenure Commission decision; not where, as here, a party was seeking to enforce such a decision.
“It is, therefore, ORDERED by the Court that the Petition for Writ of Mandamus is granted, and the Respondents are hereby ORDERED to follow the July 12, 1984, decision of the Alabama State Tenure Commission regarding the Petitioner, Earl D. Perry, and thereby reinstate the Petitioner to his former position together with back pay, benefits, leave, and all other allowances to which he is entitled from the date of his suspension on March 30, 1984.”
We are particularly impressed with the present applicability of § 16-24-38, Ala. Code (1975), and of Tuscaloosa City Board of Education v. Roberts, 440 So.2d 1058 (Ala.1983). Those authorities dictate that the Commission’s order of July 12, 1984, is final and conclusive as to the primary issues raised in this appeal. The above judgment of the circuit court is correct, and it is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.