RUSSELL, Judge.
This is a teacher tenure case.
Following notice and hearing in compliance with § 16-24-9, Ala.Code (1975) (1987 Repl.Vol.), the Winston County Board of Education (Board) determined that Letha Weaver had “abandoned” her teaching position and relinquished her “tenured status.” Weaver appealed the Board’s decision to the Alabama Tenure Commission (Commission). The Commission affirmed the Board’s decision, finding that Weaver “relinquished her tenurefd] status when she voluntarily ran for an elective public office.”
Weaver then appealed to the circuit court, which reversed the Commission and found that Weaver was entitled to be treated as a tenured teacher or, alternatively, was to be treated as a tenured supervisor of the Board. Both the Board and the Commission appeal. We reverse the circuit court.
The dispositive issue on appeal is whether the actions of the Commission were against the great weight and preponderance of the evidence. Put another way, was the circuit court in error for reversing the Commission?
At the outset we note that this court’s review is the same as the circuit court’s. Our review of the findings of the Commission is limited to a determination of whether the actions of the Commission are unjust. Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522 (Ala.1976). In determining whether the Commission’s decision is unjust, this court reviews the record to see if the Commission’s ruling is against the preponderance of the evidence or the overwhelming weight of the evidence. Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1137 (Ala.1977).
After a careful review of the record, we find that the Commission’s decision is supported by the evidence.
The record in pertinent part reveals the following: Letha Weaver was continuously employed by the Winston County Board of Education as a teacher from 1961 until 1981. As a result of this employment, Weaver obtained continuing service status (tenure). In 1980 Weaver ran and was elected Superintendent of Education of Winston County. She assumed the duties of that office on July 1, 1981, and did not return to her teaching position the following school term. She served in the capacity as Superintendent full time until June 1985. At that time, Weaver applied for a position with the Board’s school system, but was not hired.
Pursuant to § 16-24-8, the Board can cancel a tenured teacher’s employment contract only for the reasons of “incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause.” Alabama Association of School Boards v. Walker, 492 So.2d 1013 (Ala. *178 1986). “A contention that a teacher ‘abandoned’ her contract falls within the category of ‘neglect of duty.’ ” Walker, 492 So.2d at 1017.
This “abandonment” is a valid reason for canceling a tenured teacher’s employment contract, and the determination whether such abandoment occurred is within the province of the employing Board. Walker, 492 So.2d 1013.
Here, the evidence is clear that Weaver did not return to her teaching position with the Board in 1981, but, instead, voluntarily sought election and was, in fact, elected to public office (superintendent of education). Further, it is undisputed that she was “elected” and not promoted to any position under the letter and spirit of the Alabama tenure laws. See Ex parte Oden, 495 So.2d 664 (Ala.1986). Therefore, when Weaver did not return to her teaching position the following school term and assumed full-time duties as an elected official, she was no longer under the supervision or jurisdiction of the tenure laws. See Boards of Education-Teachers-Superintendents of Education-Tenure, Op. Att’y Gen. No. 87-00261 (July 30, 1987).
In view of our limited scope of review and after a careful review of the record, we find that the preponderance and weight of the evidence support the Commission’s conclusion that Weaver relinquished her tenured status.
In light of the above, the decision of the circuit court is reversed, and this case is remanded to the circuit court to enter an order affirming the decision of the Commission.
REVERSED AND REMANDED.
INGRAM, P.J., and ROBERTSON, J., concur.