James Mason was initially employed as an adult education coordinator by the Huntsville City Board of Education in 1974. In 1978 he was asked to serve as director of the Federal Comprehensive Employment Training Program (CETA). Mason occupied the position of director until 1983 when the funding for the program was discontinued.
In 1983 Mason requested to be transferred back into the City of Huntsville's education system. He was offered and accepted an assistant principalship at Lee High School. No salary was discussed. The first check that Mason received was less than what he had been earning as the director of CETA. Mason protested the decrease in pay. The superintendent and the director of personnel told him that he should not expect to receive the same pay for an eleven-month job as he had received for a twelve-month job. Subsequently, however, the superintendent informed Mason that he was entitled to the same pay that he had been receiving but that if he took the same pay he would be receiving more than other assistant principals. The superintendent requested that he work as a summer school coordinator for the twelfth month and thereby justify his greater income. Mason agreed to work the extra month. In 1985 other assistant principals began earning the same amount that Mason earned. Mason continued to work as the summer school coordinator through the summer of 1989.
In 1989 Mason initiated this action in the Circuit Court of Madison County against the board of education and averred that the Board had breached his employment contract. Mason demanded judgment against the Board in the amount of $25,000. After answering the complaint, the Board moved for summary judgment because Mason's failure to exhaust his administrative remedies under the Teacher Tenure Act, §§ 16-24-1 through -38, Code 1975, barred his action. The trial court granted the Board's motion. Mason appeals.
Mason contends that the Teacher Tenure Act is not a bar to this action because the summer school coordinator, a one-month position, is not a tenured position protected by the Act and that this action does not involve either a "transfer" or a "cancellation." He suggests that this action is simply one for breach of contract to recover damages due him for services rendered as summer school coordinator. He contends, therefore, that he properly invoked the jurisdiction of the circuit court.
The crux of Mason's argument is that at the time of the 1983 transfer, in accordance with the Board's salary schedule, he was entitled to receive the same pay that he had been receiving as director of CETA. He asserts, therefore, that "there was no consideration for exacting of him the performance of the position of Summer School Coordinator."
Mason's contentions are circuitous and without merit. He claims that he was given a new assignment (summer school coordinator) for which he was not paid. Initially, we note that Mason did not have two employment contracts. He had one contract which required him to serve eleven months as an assistant principal and one month as summer school coordinator. His contention that the summer school coordinator is not a tenured position is groundless in view of the fact that positions are not tenured. People are tenured. Ex parte Oden,495 So.2d 664 (Ala. 1986). In serving as summer school coordinator, he *Page 862 
was acting as a "teacher" within the meaning of Code 1975, § 16-24-2.
The "transfer" or "partial cancellation" of Mason's contract was made in 1983. The correspondence in the record between the superintendent and Mason's counsel makes it clear that it was agreed that if Mason would agree to work for twelve months as he had been doing before the transfer he would be paid the same salary. He accepted and worked for six years before bringing this action. This is clearly a matter for the tenure laws. If Mason were displeased with the terms of the agreement his recourse was to request a hearing with the Board or the Tenure Commission in 1983. He could have proceeded under § 16-24-10,Morgan v. Huntsville City Board of Education, 510 So.2d 260
(Ala.Civ.App. 1987), or under §§ 16-24-5 through -7, Smith v.Alabama State Tenure Comm'n, 430 So.2d 877 (Ala.Civ.App. 1982). Furthermore, § 16-24-10(c) simply forbids the approach employed by Mason. That section provides the following:
 "No action shall lie for the recovery of damages for the breach of any employment contract of a teacher in the public schools."
Mason's failure to exhaust the statutory remedies provided by the Act and the prohibitive language of § 16-24-10(c) bar this present action. Alabama Ass'n of School Boards v. Walker,492 So.2d 1013 (Ala. 1986). The trial court acted properly in granting the Board's motion for summary judgment.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.