These consolidated appeals involve application of the Fair Dismissal Act (Act), Ala. Code 1975, § 36-26-100 et seq.
A petition for a writ of mandamus was filed by Horace Williams against Perry W. Ward, individually and as president of Lawson State Community College (Lawson), wherein Williams requested, inter alia, that the trial court compel Ward to reinstate Williams as an instructor at Lawson pursuant to an order of the Fair Dismissal Act Review Panel (panel). Both parties filed motions for summary judgment and Ward's motion for summary judgment was granted. Subsequently, Williams's post-judgment motion was denied. Hence, this appeal.
The record indicates that Williams's employment was terminated by Ward and that, following a hearing before the panel, Ward's decision to terminate Williams's employment was overruled. The panel found that Williams's dismissal "was arbitrary and not warranted based upon the facts at issue and the employee's employment history" and ordered that Williams be reinstated. Ward refused to reinstate Williams, and Williams initiated this action in the Circuit Court of Jefferson County, demanding, inter alia, reinstatement. In granting a summary judgment for Ward, the trial court specified that "the [Act] does not apply to [Williams]."
Williams raises several issues; however, we find the dispositive issue to be whether a motion for summary judgment was proper to determine whether the Act applies to Williams.
Under Rule 56, Alabama Rules of Civil Procedure, a motion for summary judgment tests the sufficiency of the evidence, and a summary judgment is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Melton v. Perry County Board of Education,562 So.2d 1341 (Ala.Civ.App. 1990). The party moving for a summary judgment has the burden of negating the existence of a genuine issue of material fact. Rule 56, A.R.Civ.P. Factual disputes are due to be resolved by a trial on the merits. Summary judgment is not proper if conflicting inferences can be drawn from the evidence, i.e., if reasonable men might reach different conclusions. Hood v. Alabama State PersonnelBoard, 516 So.2d 680 (Ala.Civ.App. 1987). Additionally, we must review the entire record in a light most favorable to the non-moving party. Mann v. City of Tallassee,510 So.2d 222 (Ala. 1987).
Ward's motion to dismiss, or, alternatively, for summary judgment, cites as *Page 491 
grounds the statute of limitations and is silent regarding the question of the application of the Act. Ward's supporting affidavit and brief refer to dates regarding the statute of limitations argument and are likewise silent regarding the Act. Williams argued that his action was brought within the statutory period of limitations and he presented supporting documentation. The trial court's order did not address this issue.
Ward's answer raised the question whether the Act applies to Williams by stating that Ward had not violated the Act, "which is not even applicable to the firing of [Williams]." Our review of the record fails to reveal information sufficient for a determination of whether the Act applies to Williams. Reviewing the transcript, we find that this issue was briefly discussed at the hearing. There, the trial court stated that whether the Act applied to Williams was a question of law that would be considered under Ward's motion, and then it allowed the parties time to brief that issue, if desired. Ward briefed the issue; Williams did not.
Our Supreme Court noted that although the Act "is not a model of legislative clarity," its deficiencies do not negate the Act's overall purpose "to provide non-teacher employees a fair and swift resolution of proposed employment terminations."Bolton v. Board of School Commissioners of MobileCounty, 514 So.2d 820, 824 (Ala. 1987). Pertinent statutory provisions defining the term "employees" for purposes of the Act include:
 "all persons employed by . . . two-year educational institutions under the control and auspices of the state board of education. . . . Only full-time employees who are not otherwise covered by the state merit system, the teacher tenure law, or other state statute . . . are intended to be covered by this article. . . ."
Ala. Code 1975, § 36-26-100.
We have carefully and thoroughly reviewed the record in this case and cannot find evidence indicating, with any certainty, what type of employment Williams actually held with Lawson. Williams's pleadings and affidavit assert that he was employed by Lawson for four years as a commercial sewing instructor. Ward's documents refer to Williams's employment with Lawson, but fail to specify the exact nature of the employment. For all that appears, Williams may be in a tenured position, his employment may be part-time, or he may merely be a temporary employee of Lawson. The information provided is simply inadequate for a determination of whether the Act applies to Williams. We find that Ward failed to establish that there existed no genuine issue as to any material fact or that Ward was entitled to judgment as a matter of law. This is especially true in light of apparent efforts by Ward to comply with the Act and afford Williams the opportunity to appeal the dismissal to the panel.
It is noteworthy that the "order" of the panel, begins "This cause coming to be heard . . . before the Fair Dismissal Act Review Panel." Such behavior by Ward indicates an attempt to comply with the Act and is clearly inconsistent with Ward's position that the Act does not apply to Williams. Other record references indicate that both Williams and Ward thought the Act applied to Williams.
Summary judgment is improper when conflicting inferences can be drawn from the evidence. Hood, supra. Reviewing the record in a light most favorable to Williams, we find differences which would permit reasonable persons to reach different conclusions regarding the nature of Williams's employment status. That status is at the very heart of a determination of whether the Act applies to Williams. Accordingly, the judgment is reversed and the cause remanded to the trial court to properly resolve the conflicts.
Ward's request for attorney's fees pursuant to Rule 38, A.R.App.P., is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 492