INGRAM, Justice.
Leonidas Dansby sued the Dale County Board of Education (“Board”) seeking, among other things, a ruling that he had tenure as a supervisor; employment as a supervisor; and appropriate compensation.
Dansby was employed by the Board on August 15,1978, as assistant superintendent of education. He held this position until August 10,1980, when he was promoted to associate superintendent of education. He held this position until October 10, 1980, when he was appointed by the Board to complete the unexpired term of the superintendent of education of Dale County. He held this office until June 1989, having been elected in the interim to two terms as superintendent of education for four-year terms, beginning July 1, 1981, and July 1, 1985, respectively. Dansby filed this action in April 1991.[1]
The trial court held that when Dans-by took office as the superintendent of education he had not attained tenure as an instructor, principal, or supervisor. The trial court further held that Dansby could not gain tenure by holding that office. We agree with the trial court and affirm on the authority of Mitchell v. Skinner, 603 So.2d 1023 (Ala.1992). Specifically, we note that- a school “superintendent” does not come within the general definition of “supervisor” for purposes of the tenure law. Mitchell.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. When a person's "status as a tenured teacher” is the issue in dispute, "the circuit court is the proper forum to resolve that dispute.” Alabama Ass'n of School Boards v. Walker, 492 So.2d 1013, 1015 (Ala.1986). The tenure commission has no jurisdiction over persons who are not recognized as "tenured teachers.” Id.