This is the second time these parties have appeared before this court in this action. See Williams v. Ward, 612 So.2d 489
(Ala.Civ.App. 1992). The issues arise from a notice of termination of Horace Williams's employment with Lawson State Community College (Lawson). Dr. Perry W. Ward is the president of Lawson.
The prior appeal involved the review of a summary judgment on the issue of whether the Fair Dismissal Act (Act), Ala. Code 1975, § 36-26-100 et seq., applied to Williams's employment status with Lawson. The trial court had entered a summary judgment in favor of Ward and against Williams, holding in substance that the Act did not apply to Williams. On appeal, this court reversed, holding that summary judgment was not proper, inasmuch as the record was insufficient to determine the nature of Williams's employment with Lawson, which was critical to the determination of whether the Act applied to Williams. This court instructed the trial court to determine on remand the nature *Page 1376 
of Williams's employment with Lawson. Williams, supra.
On remand, the trial court considered additional evidence and conducted further proceedings. Ward again filed a motion for a summary judgment. To support his motion, Ward provided Williams's affidavit stating that he was a full-time, tenured instructor. The transcript of the proceedings on remand discloses that both parties agreed that Williams's status with Lawson was as a full-time, tenured instructor. After that fact was ascertained, the trial court again entered a summary judgment in favor of Ward, and against Williams, on the grounds that Williams's employment was not subject to the Act. Without evidence or argument, the trial court then, apparently ex mero motu, dismissed the claims against Ward in his individual capacity. It is from this judgment that Williams now appeals, contending that the summary judgment was inappropriate, and that the trial court erred in dismissing his claims against Ward in his individual capacity. Williams specifically argues that, in view of this court's prior reversal, the trial court's entry of summary judgment violated the law of the case; that the trial court erred in determining that the Act does not apply to Williams's employment with Lawson; that the summary judgment was inappropriate, even if the Act is inapplicable, in view of the fact that Williams was tenured; that the hearing panel ruled that he should be reinstated, and that Ward refused to comply with that ruling; and, finally, that the trial court erred in dismissing the claim against Ward individually. The pertinent facts and procedural history necessary for a clearer understanding of this case are discussed below and are derived primarily from the pleadings in this record on appeal and from the prior opinion of this court. See Williams, supra.
In August 1989, Ward notified Williams that his position as a sewing instructor at Lawson would be eliminated, because of low enrollment, and that his compensation would cease on August 31, 1989. That notice advised Williams of his right to contest the termination, and to request a hearing, pursuant to the "Revised Hearing Procedure" regulation of the Alabama State Board of Education. A copy of that regulation was included with Ward's letter. Subsequently, a hearing was conducted by a three-person panel, which designated itself as a "Fair Dismissal Act Review Panel." That panel ultimately ruled, on January 24, 1990, that Williams's termination was arbitrary and unwarranted, and the panel ordered that Williams be reinstated. Ward refused Williams's attempt to report to work, and he notified Williams by letter that he was seeking to have the panel's decision set aside as invalid. Williams sued, seeking a writ of mandamus, directing reinstatement, and seeking damages and declaratory relief. Ward petitioned the circuit court for certiorari, seeking judicial review of the panel's decision. The court consolidated Ward's petition for trial with Williams's action. Ultimately, both actions were dismissed without prejudice. Thereafter, on September 6, 1991, Williams again sought the identical relief. The record contains nothing to indicate that Ward's petition was filed again; therefore, the only action now pending, and the only one here on this appeal, results from Williams's petition.
The record on the prior appeal did not adequately reveal the nature of Williams's employment status, which was central to the issue of whether the Act applied to Williams. The record after remand makes it clear that Williams was a full-time, tenured instructor at Lawson when he received Ward's notice of employment termination.
Legislation creating the Post-Secondary Education Department also provides that "[t]he state board of education, upon recommendation of the chancellor, shall be authorized to: . . . (5) Prescribe qualifications for faculty and establish a salary schedule and tenure requirements for faculty at each junior college and trade school." Ala. Code 1975, §16-60-111.4(5). Pursuant to this statutory scheme, the State Board of Education implemented and published its Policies,Procedures, and Regulations Governing Alabama State Community,Junior, and Technical Colleges/Institutes, 1979 (hereinafter, Regulations); these Regulations provide, inter alia, for the certification of post-secondary teachers, the attainment of Continuing Service *Page 1377 
Status (tenure) by faculty members, and a procedure to be followed in cases involving termination. See specifically Sections 610-617 of the Regulations.
The Fair Dismissal Act, codified in Ala. Code 1975, §36-26-100 et seq., states its purpose as being "[t]o provide for fair dismissal procedures for non-teachers and non-certified or classified employees in the public school systems, two-year institutions under control of the State Board of Education." 1983 Ala. Acts, Act No. 83-644. The Act clarifies its application by stating in its definition of "employees":
 "Only full-time employees who are not otherwise covered by the state merit system, the teacher tenure law, or other state statute at the time this article is adopted are intended to be covered by this article. Full-time employees include (a) adult bus drivers and (b) other employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted. Substitute teachers and substitute employees are excluded from the article."
Ala. Code 1975, § 36-26-100.
Our Supreme Court noted that the Act "is not a model of legislative clarity"; nevertheless, that Court described the Act's overall purpose as being "to provide non-teacher employees a fair and swift resolution of proposed employment terminations." Bolton v. Board of School Commissioners ofMobile County, 514 So.2d 820, 824 (Ala. 1987). Thus, a fair reading of the Act and the caselaw, in light of the Act's express and intended purpose, compels a conclusion that the Act does not apply to college teachers such as Williams. The establishment of tenure by the State Board of Education in its Regulations, pursuant to Ala. Code 1975, § 16-60-111.4(5), thus renders full-time, post-secondary teachers to be covered by a state statute. One such as Williams, who is "otherwise covered by . . . other state statute" is, therefore, expressly excluded from the Act. Ala. Code 1975, § 36-26-100. The Act simply does not apply to Williams by the very nature of Williams's employment status with Lawson. Therefore, on the narrow issue of the applicability of the Act to Williams as a full-time, tenured instructor at Lawson, Ward was entitled to a judgment as a matter of law, and the summary judgment was proper. The trial court's holding that the Act does not apply to Williams, based on the conclusion that termination of his employment is governed by the Regulations, is due to be affirmed.
Notwithstanding the nonapplicability of the Act to Williams, we note that Ward's notice of termination, furnished to Williams and referring to the hearing procedure, was set out in Section 617 of the Regulations. Pursuant to the Regulations, a review panel was selected, the panel held a hearing, and the panel ordered Williams's reinstatement. The language of the provisions of the Regulations for this review tracks the statutory language to similar provisions of the Act. Additionally, the Regulations, like the Act, provide for the finality of the panel's decision. Perhaps the similarities in the language of the Regulations and the language of the Act prompted the panel to erroneously designate itself by the title "Fair Dismissal Act Panel," and ultimately led to Williams's use of that term in his pleadings. Regardless of the nomenclature, the record indicates that this panel and its procedure were created by the Regulations, and that it followed these procedures; like the Act, the regulations make no provision for appeal of the panel's decision. Therefore, the proper procedure for obtaining judicial review of the panel's decision is to petition for a writ of certiorari. SeeFields v. State ex rel. Jones, 534 So.2d 615 (Ala.Civ.App. 1987). Conversely, the proper procedure for enforcing a valid order is to petition for a writ of mandamus. See TuscaloosaCity Board of Education v. Roberts, 440 So.2d 1058 (Ala. 1983).
As previously indicated, although Williams later refiled his petition for a writ of mandamus, Ward did not refile his petition for a writ of certiorari. Although Williams's petition for a writ of mandamus appears to be based exclusively on the Act, the relief he sought indicates otherwise and adequately puts Ward on notice to defend. See Rebel Oil Co. v. Pike,473 So.2d 529 (Ala.Civ.App. 1985). Thus, it appears that the order of the *Page 1378 
panel remains outstanding, notwithstanding our ruling on the nonapplicability of the Act.
Although the doctrine of laches and the statute of limitations were raised as issues in the trial court, neither issue was addressed in the trial court's ruling. This court has previously determined that a lengthy, unexplained delay in seeking a writ of mandamus in a teacher tenure case causes the action to be barred by laches. See Wilson v. Wright,568 So.2d 834 (Ala.Civ.App. 1990), and Alabama State Tenure Commissionv. Board of School Commissioners, 378 So.2d 1142
(Ala.Civ.App. 1979). Nevertheless, it is noteworthy that the trial court, in these cases, addressed the situation where a party was challenging or seeking review of a decision; not where, as here, a party was seeking to enforce such a decision. SeeGreene County Board of Education v. Perry, 510 So.2d 257
(Ala.Civ.App. 1987). These issues were simply not addressed by the trial court in this case, and they remain active against the propriety of Williams's petition.
Williams's claims for damages, compensatory and punitive, against Ward, individually, were not argued before the trial court, and the record is devoid of any evidence concerning this issue. In reviewing a summary judgment, an appellate court cannot consider facts not before the trial court. Purvis v. PPGIndustries, Inc., 502 So.2d 714 (Ala. 1987). No evidence was presented to the trial court, during these lengthy proceedings, from which the trial court could conclude that Ward was entitled to a judgment as a matter of law on the issue of his individual liability. Accordingly, it was error for the trial court to dismiss the claims against Ward, individually, and the trial court's judgment on that issue must be reversed. Although it appears of record that confused pleading has resulted in orders that facially appear to be a final adjudication of this entire case on the merits, multiple, complex legal matters, including, but not limited to, the enforceability of the panel's outstanding order, remain to be determined by the trial court in this case. Accordingly, this cause is remanded for further proceedings.
Based upon the foregoing, the judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.