CRAWLEY, Judge.
This is the third time these parties have appeared before this court in this case. See Williams v. Ward, 667 So.2d 1375 (Ala.Civ. App.1994), and Williams v. Ward, 612 So.2d 489 (Ala.Civ.App.1992). The facts and procedural history of this case are sufficiently set out in this court’s previous two opinions. In its 1994 opinion this court reversed the trial court’s dismissal of Williams’s claims against Ward in his individual capacity. On remand, the trial court, after it asked Williams to file certain exhibits and Williams failed to do so, dismissed Williams’s complaint for failure to prosecute the action (see Rule 41(b), Ala. R.Civ.P.) and for failure to respond to ordered discovery (see Rule 37(d)). Williams appeals.
Williams did not file a post-judgment motion asking the trial court to set aside the dismissal. Our supreme court has held that it will not address the issue whether a trial court erred in dismissing an action if the appellant did not file a post-judgment motion asking the trial court to set aside the dismissal. Green v. Taylor, 437 So.2d 1259 (Ala.1983). Therefore, we will not address the issue whether the trial court erred in dismissing Williams’s complaint.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.