On Application for Rehearing
The opinion of October 26, 2001, is withdrawn, and the following is substituted therefor.
Donald Ray Perine sued Dr. Yvonne Kennedy, individually and in her capacity as president of Bishop State Community College ("the College"), on September 8, 2000, seeking a declaratory judgment and injunctive relief. Perine specifically sought a judgment declaring that he had *Page 761 
been terminated from his employment as an instructor at the College in violation of the "procedures, standards and requirements" of the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975. Perine also sought a writ of mandamus directing the College to reinstate him to his position of instructor, with back pay and interest, and sought to enjoin the College from further pursuing his termination absent compliance with the Fair Dismissal Act.
Following a hearing on Perine's motion for a preliminary injunction, the court, on October 19, 2000, denied the injunctive relief. On December 7, 2000, Perine moved the court for a summary judgment, contending that the Fair Dismissal Act provides the only procedure under which his employment with the College could be terminated and that the College failed to comply with the Act. On January 19, 2001, the College responded to Perine's motion for a summary judgment; it also moved for a summary judgment, arguing that the Fair Dismissal Act does not apply to Perine. The court conducted a hearing on the summary-judgment motions on January 5, 2001.
On January 12, 2001, Perine submitted to the court the additional authority of Young v. McLeod, [Ms. 2990440, January 5, 2001], ___ So.2d ___ (Ala.Civ.App. 2001). In that submission Perine raised for the first time the alternative theory that he is entitled to the same relief under the State Board of Education's Revised Hearing Procedure that he is entitled to under the Fair Dismissal Act. The court, on March 29, 2001, denied Perine's motion for a summary judgment and entered a summary judgment for the College. Perine appeals.
In reviewing the disposition of a motion for a summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988). When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
The facts are essentially undisputed. Perine was employed as a nine-month tenured chemistry instructor at the College. Perine had in the past contracted with the College to teach classes during the summer semester; he contracted with the College to teach chemistry during the 2000 summer semester.
Perine had been pursuing his Ph.D. in chemistry from Middle Tennessee State University since the summer of 1999. Perine was required to complete a minimum of six hours of course work during the summer semester in order to remain in the doctoral program. Perine stated that he had made arrangements both to teach his chemistry class at the College and to attend Middle Tennessee State University during the summer of 2000. Perine contends that he had informed his supervisor at the College, Ruth Stutts-Moseley, of these arrangements and that the arrangements were approved. The College denies *Page 762 
that Perine had approval to be absent from his teaching duties to attend Middle Tennessee State University.[1]
On August 1, 2000, Perine received a letter from Dr. Kennedy informing him that the College's records indicated that he had been absent from his employment without approval since July 10, 2000. Dr. Kennedy informed Perine that the following State Board of Education policy regarding "Abandonment of Position" was applicable to his employment status: "Any employee who is absent from work for three (3) consecutive workdays without approval shall be considered to have abandoned the position and to have resigned from the employing institution." Dr. Kennedy informed Perine that the College considered him to have abandoned his position as chemistry instructor and to have resigned from his employment with the College, effective July 13, 2000. Perine corresponded with Dr. Kennedy, demanding that his dismissal, to be effective, must be accomplished in accordance with the standards and procedures set forth in the Fair Dismissal Act. Perine was not afforded the procedures set forth in the Fair Dismissal Act.
Perine argued at the hearing on his motion for a preliminary injunction that the Fair Dismissal Act applies to tenured instructors such as him and that it provides the exclusive means by which an employee may be terminated. Perine further argued that the Fair Dismissal Act, not the policy of the State Board of Education, sets the standard for determining whether an employee has abandoned his or her position of employment. The College argued that the Fair Dismissal Act is inapplicable to Perine's case; it contended that § 2.13 of the State Board of Education's Revised Hearing Procedure was applicable. The Revised Hearing Procedure was adopted pursuant to § 16-60-111.4, Ala. Code 1975. Section16-60-111.4(1) authorizes the State Board of Education to "[m]ake rules and regulations for the government of each junior college and trade school." Section 2.13 of the Revised Hearing Procedure provides: "Abandonment of Position. An employee who is absent from work for three (3) consecutive workdays without approval shall be considered to have abandoned the position and to have resigned from the college." The College argued that because Perine was considered to have resigned his employment, he was not entitled to a hearing in accordance with the Fair Dismissal Act. The College conceded at the hearing that if it was determined that the Fair Dismissal Act was applicable, it had not complied with the procedures set forth in the Act.
Perine again argued at the hearing on the summary-judgment motions on January 5, 2001, that the Fair Dismissal Act was applicable to this case. Counsel for Perine stated that Perine was "not suing for anything except Mr. Perine's rights under the Fair Dismissal Act." The College again argued that § 2.13 of the Revised Hearing Procedure is applicable and that Perine is not entitled to proceed under the Fair Dismissal Act because Perine is considered to have resigned his employment rather than to have been terminated.
On January 12, 2001, Perine filed additional authority with the court and asserted for the first time the alternative theory that if the Fair Dismissal Act is determined to be inapplicable to his situation, then he is also entitled to relief under the Revised Hearing Procedure as the Revised Hearing Procedure "entails that [he] receive exactly the same relief he would be seeking under the Fair Dismissal Act." Specifically, Perine argued that §§ 5.1, 7.1, *Page 763 
and 8.1 of the Revised Hearing Procedure set forth the procedures to be followed in terminating a tenured employee's employment, including rights to notice and a hearing, and that the College had not followed these procedures. Relying upon Young, supra, the court entered a summary judgment in favor of the College, finding the Fair Dismissal Act inapplicable to the present case.
In Young,[2] McLeod, a nontenured junior-college speech and theater instructor, who had at different times held the status of "part-time" and "full-time temporary" faculty member, sued Wallace State Community College and its president, seeking back pay and benefits as a full-time tenured instructor. McLeod contended that the Fair Dismissal Act was applicable to him; that that Act governed tenure requirements for junior-college instructors, and that under the Act he had earned tenure. McLeod also claimed that the Fair Dismissal Act protects him from being terminated from his employment without notice and a hearing. Three members of this court adopted Justice Butts's rationale in Ex parteMcLeod, 718 So.2d 682 (Ala. 1997), and held that the Fair Dismissal Act is applicable to junior-college instructors such as McLeod, i.e., nontenured instructors. Young, ___ So.2d at __. Two members of this court concluded that the Fair Dismissal Act was not applicable to McLeod, but that rather the Alabama Trade School and Junior College Authority Act ("ATSJCAA"), § 16-60-80 et seq., Ala. Code 1975, and the Revised Hearing Procedure promulgated pursuant to the ATSJCAA were applicable to McLeod. Id. Although this court was divided over whether the Fair Dismissal Act applied to McLeod, it unanimously determined that he had not acquired tenure under the Act. Id. This court's holding that the Fair Dismissal Act was applicable to instructors such as McLeod was affirmed by our supreme court in Ex parte McLeod, [Ms. 1000842, June 22, 2001], ___ So.2d ___ (Ala. 2001). However, the supreme court reversed this court's determination that McLeod had not obtained tenure under the Act. Id.
In Williams v. Ward, 667 So.2d 1375 (Ala.Civ.App. 1994), a full-time tenured junior-college instructor sued the president of the junior college at which he was employed, seeking a writ of mandamus directing the president to reinstate him to his position of instructor after a three-person panel, designated as a "Fair Dismissal Act Review Panel," concluded that the instructor's termination was arbitrary and unwarranted. This court held that the Fair Dismissal Act was not applicable to full-time tenured instructors; rather, the court concluded, full-time tenured instructors are governed by § 16-60-111.4, Ala. Code 1975, and the rules and regulations promulgated pursuant to that statute. Id.
Therefore, based on this court's decisions in Young, supra, andWilliams, supra, we conclude that the Fair Dismissal Act did not apply to Perine, as a full-time tenured chemistry instructor.
Perine also argues that § 2.13 of the Revised Hearing Procedure should not be interpreted to allow a summary dismissal of an employee the College considers to have resigned because of an abandonment of position without that employee's being afforded a hearing pursuant to the Revised Hearing Procedure. Perine asserts that a hearing would allow him to present evidence demonstrating that he had notified the College of his planned absence and had obtained *Page 764 
approval for his absence and, therefore, that he cannot be considered to have resigned. Perine further argues that under the Revised Hearing Procedure, § 2.13, relating to "Abandonment of Position," should be considered a subset of § 4.1 relating to "Neglect of Duty." Section 4.1 of the Revised Hearing Procedure provides, among other things, that a tenured employee shall not be terminated except for neglect of duty. Termination of employment under § 4.1 affords the employee the right to the notice and hearing process of the Revised Hearing Procedure.
As mentioned above, § 2.13 of the Revised Hearing Procedure provides that if an employee is absent from work for three consecutive days without approval, that employee "shall be considered to have abandoned the position and to have resigned from the college."
In Alabama Association of School Boards v. Walker, 492 So.2d 1013
(Ala. 1986), a tenured teacher was dismissed, without a hearing, under the Teacher Tenure Statute, § 16-24-1 et. seq., Ala. Code 1975, based on her employer's accusation that the teacher abandoned her position. InWalker, the Board contended that the teacher was not entitled to a hearing under the Teacher Tenure Statute because she had "abandoned" her employment, and, thus, the Board had not "cancelled the [teacher's] employment contract `against her will.'" 492 So.2d 1013, 1017 (Ala. 1986). The Supreme Court of Alabama held that the determination whether the teacher had abandoned her contract required the Board to hold an evidentiary hearing. The supreme court stated:
 "[T]he only instance where notice and an opportunity to have a hearing need not be provided to a tenured teacher is when a teacher voluntarily cancels her own contract pursuant to § 16-24-11, Ala. Code 1975. An allegation by a school board that a tenured teacher `abandoned' her employment contract does not necessarily deprive that tenured teacher of the rights and remedies granted to her by the legislature. Tenure status creates in a teacher an important `property interest' that cannot easily be taken away. Smith v. Birmingham Board of Education, 403 So.2d 226, 227
(Ala. 1981); Bell v. Board of School Commissioners of Mobile County, 450 F. Supp. 162, 166 (S.D.Ala. 1978). Our state legislature expressly created this scheme of administrative procedures to insure that teachers who have attained such a property interest may have security and permanence in their employment. Ex parte Wright, 443 So.2d 40, 42 (Ala. 1983); Madison County Board of Education v. Wigley, 288 Ala. 202, 259 So.2d 233(1972). This legislative scheme should be liberally construed in favor of tenured teachers. Barger v. Jefferson County Board of Education, 372 So.2d 307, 309 (Ala. 1979). Consequently, these administrative remedies should be readily available for a tenured teacher who contests the cancellation of her contract, as this plaintiff has done consistently.
 "In this case, it appears that by acting `against her will' in not allowing the plaintiff to return to her teaching position, the Board has effectively cancelled her contract, and that `abandonment' was the reason for cancellation."
Walker, 492 So.2d at 1017.
Although the supreme court in Walker determined that "abandonment of position" was a category of "neglect of duty," and thus was a valid reason for canceling a teacher's contract, the court determined that, under the Teacher Tenure Statute, the cancellation of the contract required notice and a hearing in order to determine whether the teacher had abandoned her *Page 765 
contract of employment. Walker, 492 So.2d at 1017.
Although Walker, supra, involved a teacher who was covered under the Teacher Tenure Statute, § 16-24-1 et seq., Ala. Code 1975, rather than the ATSJCAA, applicable in this case, its authority is persuasive. Perine disputes the College's contention that he did not have approval for his absence from work; thus Perine contends that his employment was terminated. It is clear that under the Revised Hearing Procedure Perine's termination requires that he be afforded notice and a hearing; otherwise, a presumption is created in favor of the College that he resigned, and he is not afforded an opportunity to rebut that presumption by demonstrating that he had sought and obtained approval for his absence. Therefore, we conclude that, in order that Perine be afforded his basic due-process rights, he is entitled to an evidentiary hearing to determine whether he had failed to gain approval for his absence, and, thus, whether he resigned pursuant to § 2.13 of the Revised Hearing Procedure.
Accordingly, we reverse the summary judgment in favor of the College and we remand the cause for further proceedings consistent with this opinion.
APPLICATION FOR REHEARING GRANTED; OPINION OF OCTOBER 26, 2001, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
Yates, P.J., and Crawley, Thompson, Pittman, and Murdock, JJ., concur.
[1] The factual issue whether Perine had such approval is not an issue before the court.
[2] See also the related cases of McLeod v. Beaty, 718 So.2d 673
(Ala.Civ.App. 1996), and Ex parte McLeod, 718 So.2d 682 (Ala. 1997), for a complete history of this case.